UNITED STATES *v.* KENTUCKY RIVER MILLS *et al.*

(*Circuit Court, D. Kentucky.* January 19, 1891.)

CIRCUIT COURTS—JURISDICTIONAL AMOUNT—SUITS BY THE UNITED STATES.

 Act Cong. Aug. 13, 1888, provides that the United States circuit courts shall have jurisdiction of civil suits, "where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between the citizens of different states, or in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid, or a controversy between the citizens of the same state claiming lands under grants of different states, or a controversy between citizens of a state and foreign states, citizens, or subjects, in which the matter in dispute exceeds; exclusive of interest and costs, the sum or value aforesaid." *Held,* that the limitation as to amount does not apply to suits in which the United States are plaintiffs or petitioners.

At Law.

*George W. Jolly,* U. S. Atty.

*Thomas H. Hines,* for commissioners of sinking fund.

*D. W. Lindsey,* for Kentucky River Mills.

BARR, J. The plaintiff has sued the defendant the Kentucky River Mills for the rent of land and water-power from the Kentucky river, used by it, under the provisions of a lease made by the sinking fund commissioners of the state of Kentucky with said mill company, which lease is still a subsisting one under the terms of the act of cession made by the state of Kentucky to the United States. The amount sued for is less than $2,000, exclusive of interest and cost, and the question is whether this court has jurisdiction of the case. This depends upon the construction of the act approved August 13, 1888, amending the judiciary act of March 3, 1875. A brief history of the legislation of congress previous to this act will perhaps aid in a proper construction of that act. The act of 1789 gave the circuit courts jurisdiction in suits of a civil nature, at common law and in equity, and limited them to those where the matter in dispute exceeded $500 in amount or value, even though the United States were the plaintiffs or petitioners. The circuit courts were given jurisdiction of all cases, in law or equity, arising under the revenue laws of the United States, without limit as to the amount in controversy, by the act of March 2, 1833. See 4 St. at Large, p. 632. And a similar jurisdiction was given the circuit courts of cases under the postal laws by the act of March 2, 1845. And the jurisdiction of circuit courts was further extended by subsequent acts to embrace all cases arising under the internal revenue laws. Thus the law stood when the revision of the statutes was made, in 1873. The Revised Statutes conferred this jurisdiction on the circuit court in separate subsections, without lessening or enlarging it, except that in suits at common law the jurisdiction was given without limit as to amount in dispute, when the United States were plaintiffs. The first section of the act of March 3, 1875, enacted—

"That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different states, or a controversy between citizens of the same state claiming lands under grants of different states, or a controversy between citizens of a state and foreign states, citizens, or subjects."

This act repealed all acts and parts of acts in conflict with its provisions, and hence the third subsection of section 629 of the Revised Statutes was repealed by it. *U. S.* v. *Huffmaster*, 35 Fed. Rep. 81. But it did not repeal the jurisdiction of the circuit court in special cases over particular subjects which that court had under existing laws. *U. S.* v. *Mooney*, 116 U. S. 107, 6 Sup. Ct. Rep. 304. It, however, applied the limitation of $500 to all the cases in which jurisdiction was given by the first section of the act, so that under the act of 1875 the matter in dispute must have exceeded $500, if not of those special cases of which the circuit court had jurisdiction because of other acts and the subject-matter of the litigation.

The first section of the act of August 13, 1888, is as follows:

"That the circuit courts of the United States shall have original cognizance concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between the citizens of different states, or in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid, or a controversy between citizens of the same state claiming lands under grants of different states, or a controversy between citizens of a state and foreign states, citizens, or subjects, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid."

This section is instead of the first section of the act of March 3, 1875, and should be construed as that section, as to the question under consideration, except for the fact of the reiteration of the limitation as to the amount or value in dispute, and the connection in which that limitation is placed. This reiteration is without meaning, unless it was the intention of congress to thus limit some of the cases, and not others. This intention clearly applies to suits arising under the constitution and laws of the United States, and treaties made by the authority of the United States, and to controversies between citizens of different states, and also to controversies between citizens of a state and foreign states, citizens, and subjects; but does this limitation apply to controversies in which the United States are plaintiffs or petitioners? We think not. If this limitation is read with and applied separately to each class, as the verbiage permits, the construction seems plain. Thus:

"The circuit courts of the United States shall have original cognizance * * * of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority."

This clearly means that the amount in dispute must exceed $2,000, as well as that the controversy shall arise under the constitution or laws of the United States, or treaties made under their authority. But if the next class of cases over which the circuit courts are given jurisdiction is connected directly with the antecedent part of the section, and read thus: "The circuit courts of the United States shall have original cognizance * * * of all suits of a civil nature, at common law or in equity, * * * in which controversy the United States are plaintiffs or petitioners,"—it would seem that the amount in dispute was immaterial. Again, if we separate the next class in this section, and read it thus: "The circuit courts of the United States shall have original cognizance * * * of all suits of a civil nature, at common law or in equity, * * * in which there shall be a controversy between citizens of different states, in which the amount in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid,"—there can be no doubt that the amount in dispute was intended to be jurisdictional. This method of reading this section proves, I think, that congress intended to make the amount in dispute jurisdictional in all of the classes of cases mentioned except two. These two are where the United States are plaintiffs or petitioners, or where the controversy is between citizens of the same state claiming lands under grants of different states. In this last-mentioned class, the amount in dispute may be jurisdictional, when the case is sought to be removed from the state court, but it is not when the circuit court takes original cognizance. If this is not the proper construction of this section, then the United States must sue in equity causes, when the matter in dispute is between $500 and $2,000 in the state courts. The district courts have jurisdiction in equity when the United States are petitioners to $500, and not beyond that sum. If we are allowed to consider the probable reason for the limitation of the jurisdiction of the circuit courts to sums or values which are over $2,000, when the United States are plaintiffs or petitioners, we can imagine no good reason. This question has not been before the supreme court, but it has been passed upon by two learned and able judges, and I concur in their construction. *Fales* v. *Railway Co.*, 32 Fed. Rep. 673; *U. S.* v. *Shaw*, 39 Fed. Rep. 433.

On the merits of the case, as presented by the pleadings and agreed facts, I am of the opinion that the rent under the lease passed to the United States when they accepted the provisions of the acts of January 24 and March 22, 1880, which ceded to them this property, with the locks, dams, etc., and that the rent which accrued after the 30th of April, 1880, when the United States accepted the cession by Kentucky by actually taking possession, belongs to them. This rent, at the rate

of $180 per annum from the 30th of April, 1880, to July 1, 1890, inclusive, should be charged against the Kentucky Mills, but without interest until after June 30, 1888. The repairs, etc., amounting to $532.33, is to be allowed as a credit, but not the whole amount thereof,—only the balance due after applying the rent which accrued and was applied by the sinking fund commissioners, and which belonged to them. This was the rent between July 1, 1878, and April 30, 1880. This balance, I understand the district attorney to consent should be credited. The payment by the Kentucky River Mills in September, 1884, to the commissioners of the sinking fund, was not a payment which will bind the plaintiffs, because at that time the rent was due the plaintiffs, by virtue of the acts of January and March, 1880, and the acceptance of them by the United States. The defendant had at that time actual notice of these acts, and the acceptance of them, and the fact that no previous claim or demand had been made by the United States did not authorize the mill company to pay the rent accruing after April 30, 1880, to the state of Kentucky, or the commissioners of the sinking fund. This fact, however, with the surrounding circumstances, prevents, I think, the plaintiffs recovering interest prior to April 30, 1888. A judgment should be entered as indicated, and it is so ordered.