### UNITED STATES v. BELKNAP et al.

(Circuit Court, S. D. California. March 23, 1896.)

#### No. 579.

1. LIMITATIONS—SUITS BY UNITED STATES.
   Statutes of limitation of the several states do not apply to actions wherein the government of the United States is plaintiff.
2. CIRCUIT COURTS—JURISDICTION—SUITS ON OFFICIAL BONDS.
   The United States circuit courts have jurisdiction under section 1 of the act of August 13, 1888 (25 Stat. 433), concurrent with the district courts, of suits by the government on the official bonds of officers chargeable with public moneys.

Theo. S. Shaw, for defendants.

WELLBORN, District Judge. This is an action at law, against Corington G. Belknap and others, to recover $731.21 for a breach of the official bond of said Belknap as an Indian agent. The complaint, after setting forth the appointment of said Belknap as Indian agent, alleges, among other things, that the bond was made and delivered July 26, 1884, by said Belknap as principal, and the other defendants as sureties; that said Belknap held and exercised the agency to which said bond relates from July 26, 1884, until August 30, 1887, inclusive. The breach alleged in the bond is the failure of said Belknap to account for and pay over to the plaintiff certain moneys, received by Belknap in his capacity as Indian agent, and which belonged to said plaintiff.

Defendants have demurred to the complaint, on the following grounds: First, that the action is barred by the statutes of limitation; second, that the circuit court is without jurisdiction of the action; third, that the complaint fails to allege that said official

bond was approved by the secretary of the interior; fourth, that the complaint does.not allege a demand before suit.

1. Defendants contend that the claim sued on is barred by section 337, Code Civ. Proc. Cal. To this I cannot agree. Statutes of limitation of the several states do not apply to actions wherein the government of the United States is plaintiff. U. S. v. Thompson, 98 U. S. 486; U. S. v. Nashville, C. & St. L. Ry. Co., 118 U. S. 120, 6 Sup. Ct. 1006; U. S. v. Hoar, 2 Mason, 312, Fed. Cas. No. 15,373.

In the case first above cited, the facts are thus stated by Mr. Justice Swayne, who delivered the opinion of the court:

"The United States sued upon the bond of the defendant in error Clark W. Thompson, as superintendent of Indian affairs in Minnesota. The other defendants in error were sued as his sureties. The breach alleged was that Thompson, as such officer, had received $10,562.27 of the moneys of the United States, which he had neglected and refused to account for, and had converted to his own use. The defendants pleaded that the cause of action did not accrue within ten years next preceding the commencement of the suit. The United States demurred. The demurrer was overruled, and judgment rendered for the defendants. The United States has brought the judgment here for review. This case turns upon a statute of the state of Minnesota which bars actions ex contractu, like this, within a specified time, and the same limitation is applied by the statute to the state. The United States are not named in it. The court below, held that the statute applied to the United States, and hence this judgment."

The syllabus of the case (25 U. S. [Lawy. Ed.] 194) is as follows:

"(1) A state statute of limitations cannot bar the United States. (2) The judiciary act of 1789, that the laws of the several states shall be regarded as rules of decisions in the courts of the United States, does not apply in such a case."

The argument of the defendants' counsel here that "federal courts will, in actions at common law, follow the statutes of limitation of the state where such courts are held, and the construction given to those statutes by the courts of the states which enacted them, so far as they apply," was also made in the case last cited, and is adverted to in the opinion of the court, at page 490, 98 U. S., as follows:

"The only argument suggested by the learned counsel for the defendants in error is that the judiciary act of 1789 (1 Stat. 92), re-enacted in the late revision of the statutes, declares 'that the laws of the several states, except where the constitution and treaties of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the·United States, in cases where they apply.' It is insisted that the case in hand is within this statute. To this there are several answers. The United States, not being named in the statute of Minnesota, are not within its provisions. It does not and cannot 'apply' to them. If it did, it would be beyond the power of the state to pass it, a gross usurpation, and void. It is not to be presumed that such was the intention of the state legislature in passing the act, as it certainly was not of congress in enacting the law of 1789. U. S. v. Hoar, supra; Field v. U. S., 9 Pet. 182. The federal courts are instruments competently created by the nation for national purposes. The states can exercise no power over them or their proceedings, except so far as congress shall allow. This subject was considered in Bank v. Dearing, 91 U. S. 29; and we need not pursue it further upon this occasion. The exemption of the United States from suits, except as they themselves may provide, rests upon the same foundation as the rule of nullum tempus with respect to them. If the states can pass statutes of limitation binding upon the federal government, they can, by like means, make it suable within their respective jurisdictions. The evils of such a state of things are too obvious to require remark."

From the foregoing extracts, it will be seen that the supreme court of the United States has expressly decided against defendants' contention. Since, then, the statutes of limitation of the several states do not apply to actions wherein the government of the United States is plaintiff, it follows that there cannot be any limitation of time as to said actions, other than those prescribed by congress. The defendants, in their brief, have not called my attention to any act of congress bearing upon this subject. The plaintiff, however, refers to an act of congress entitled "An act requiring notice of deficiency in accounts of principals to be given to sureties upon bonds of United States officials, and fixing a limitation of time within which suits shall be brought against said sureties upon said bonds," approved August 8, 1888, the second section of which is as follows:

"Sec. 2. That if, upon the statement of the account of any official of the United States, or of any officer disbursing or chargeable with public money, by the accounting officers of the treasury, it shall thereby appear that he is indebted to the United States, and suit therefor shall not be instituted within five years after such statement of said account, the sureties on his bond shall not be liable for such indebtedness."

It does not appear from the complaint, however, as suggested in the plaintiff's brief, that any statement, such as that described in said section, was made by the accounting officers of the treasury, five years or more before the commencement of the action. The only allegation bearing upon this point is that "the official accounts of the defendant Belknap have been heretofore, to wit, at various and stated times, prior to the 16th day of June, 1890, adjusted at the treasury department," etc. The complaint was filed November 7, 1893, and therefore, even if the allegation last quoted were equivalent to an allegation that the official accounts of said defendant had been stated at the treasury department, yet it does not appear affirmatively but that said statement was made within five years of the commencement of this action.

2. The next contention of the defendant is that the district, and not the circuit, court of the United States, has jurisdiction of this action. The plaintiff concedes that the district court has jurisdiction, by virtue of subdivision 4, § 563, Rev. St. U. S., but insists that the circuit court also has jurisdiction, by virtue of section 1 of the act of August 13, 1888 (25 Stat. 433), which last-named section, so far as applicable, reads as follows:

"That the circuit courts of the United States shall have original cognizance * * * of all suits of a civil nature, at common law or in equity, * * * in which controversy the United States are plaintiffs or petitioners."

This section has been critically analyzed at circuit in two cases, and the interpretation now contended for by the plaintiff approved in each case. U. S. v. Kentucky River Mills, 45 Fed. 273; U. S. v. Shaw, 39 Fed. 433. While the question is not free from difficulty, I am satisfied with, and shall adopt, the conclusion reached in said cases. See, also, Fales v. Railway Co., 32 Fed. 673.

3. With reference to the third ground of demurrer, namely, that the complaint fails to allege that the bond was approved by the secretary of the interior, it is only necessary to say that there is

no statute requiring such approval. If, however, there were such a law, then the allegation of the complaint that the "defendants, and each of them, * * * did make, execute, and deliver to plaintiff their joint and several bond," necessarily implies approval of the bond. There could be no delivery by defendants without an acceptance by the plaintiff, and acceptance is approval.

4. Defendant further contends that the complaint is bad, because it fails to allege a demand upon the defendants before the suit was brought. If any demand was necessary, which I doubt, it is sufficiently alleged in the complaint, as follows: "That the said defendants, though often demanded, have severally neglected and refused * * * to pay said sum."

The objections to the complaint are not well taken, and the demurrer is overruled.