UNITED STATES v. FIDELITY TRUST CO. (WYMAN et al., Interveners).

(Circuit Court of Appeals, Ninth Circuit. February 2, 1903.)

No. 899.

1. PLEADING—ISSUES AND VARIANCE—EFFECT OF ADMISSIONS IN ANSWER.

The bond of an Indian agent was conditioned that he should account for all public funds and property, all money belonging to the Indians under his charge coming into his hands, and all other funds received by him by reason of his position. The complaint, in an action by the United States on such bond, alleged that on settlement of the agent's accounts a balance was found due the United States, which the agent had failed to pay or account for. A statement of the agent's account was also filed as a bill of particulars, which showed that the item on which the action was based was a sum charged to the agent as having been received by him from a third person, to be paid to Indians under his charge for work done by them. Held that, the money being recoverable on the bond by the United States for the benefit of the Indians, the fact that such money was not due to the United States as alleged in the complaint, or that it was not properly chargeable in his account so as to render the statement competent evidence of its receipt, did not preclude its recovery in the action, where the defendants, advised by the bill of particulars of the exact nature of the claim, in their answer admitted the receipt of the money, and alleged as a defense that it was properly paid out, which defense was not sustained by the evidence.

2. LIMITATIONS—ACTION BY UNITED STATES.

A state statute of limitations cannot bar an action by the United States on the bond of a public officer.

3. RES JUDICATA—REJECTION OF CLAIM AGAINST ESTATE—WASHINGTON STATUTE.

Under Ballinger's Ann. Codes & St. Wash. §§ 6226, 6230, which provide that claims against the estate of a decedent shall be presented for allowance to the executor or administrator, and if disallowed by them to the judge of the superior court, and especially in view of section 6233, which provides for bringing suit in the proper court on a claim rejected "by either the executor, administrator, or the court," the rejection of a claim by the court is not an adjudication which can be pleaded in bar of a subsequent action thereon in a federal court, which has jurisdiction.

In Error to the Circuit Court of the United States for the Western Division of the District of Washington.

This is an action brought by the United States on the bond of Moses P. Wyman, formerly agent of the Crow Indian Agency, in the state of Montana. In the original complaint it was alleged that on February 4, 1890, the agent was appointed, and that on April 1, 1890, he executed his bond and took his oath of office, and that he held said office until February 28, 1894; that during the time while he held said office there came into his hands directly from the United States $88,672.57, and from sales of property belonging to the United States, sold by him, $111,457.84, amounting in all to $200,130.41, which he received for the use of the plaintiff, of which sum he disbursed and accounted for $199,119.91, but did not account for or disburse the balance of $1,010.50, which sum he converted and appropriated to his own use, in breach of his trust and the conditions of his bond; that the plaintiff made demand upon the agent and his bondsmen for said balance; that on October 18, 1898, the said agent died in Pierce county, Wash., and the Fidelity Trust Company was appointed his administrator; that the plaintiff's claim was duly filed with the said administrator for said balance, but was rejected and disallowed. With the complaint the plaintiff in error filed a bill of particulars, setting forth a statement of the account of said agent from April 1, 1890, to February 28, 1894, showing a balance of $157.50 in the agent's favor; but thereafter, in a supplemental account, made on September 26, 1896, charging the agent under his bond with the sum of $1,168.00, upon information purporting to show that in the fall of 1891 he contracted with one David G. Browne for the Indians of said agency to haul 200 tons of hay to Fort Custer for Browne, for which the Indians were to receive $5 per ton, and that for such hauling by the Indians Browne paid the agent for the Indians $1,168, which the agent never paid to the Indians, but appropriated to his own use; upon which, upon a statement of the whole account of said agent made by the Auditor of the Interior Department, Treasury Department, on July 14, 1899, a balance of $1,010.50 was found against him under his bond. The Fidelity Trust Company answered the complaint, and alleged that said agent, before the commencement of the action and during his lifetime, satisfied and discharged the plaintiff's alleged claim by payment thereof. The defendants in error, Jessie J. Wyman and Nellie M. Browne, by leave of the court, intervened as the heirs at law of said Moses P. Wyman and also answered the said complaint. They alleged that "on or before February 28, 1894, the said Moses P. Wyman duly and lawfully paid out and expended all of the said sum of $1,010.50 for account of said plaintiff, as will more fully appear upon the trial for cause." Thereafter the interveners moved the court that the plaintiff be required to set forth the terms of the bond, and to declare what the supposed moneys or funds were from which the balance of $1,010.50 was alleged to have been taken and appropriated by the said agent to his own use. The motion was allowed by the court, and thereupon the plaintiff filed an amended complaint setting forth the bond in hæc verba, the condition whereof is as follows: "The condition of the foregoing obligation is such, that, whereas the President of the United States has appointed the said Moses P. Wyman to be agent for the Indians of the Crow Agency in Montana by commission dated February 4, 1890, and said Moses P. Wyman shall, at all times, during his holding and remaining in said office, carefully discharge the duties thereof, and faithfully disburse all public moneys, and honestly account, without fraud or delay, for the same and for all public funds, including funds designated in regulations of the Indian department as miscellaneous receipts, and moneys belonging to the Indians under his charge which shall or may come into his hands, and all other funds received by him by reason of his position as Indian agent, and for all public property placed in his charge, then the above obligation to be void and of no effect; otherwise to remain in full force and virtue." The amended complaint alleged, further, that on July 14, 1899, upon a settlement of said agent's account, duly made by the Treasury Department and the Auditor of the Interior Department, it was found and determined by said auditor that there was a balance due the United States from said Indian

agent on account of such agency and upon said bond of $1,010.50, and a certificate to that effect was duly made by said auditor. The amended complaint proceeded to allege a demand upon the agent, and set forth the facts of his death, and the appointment of the administrator of his estate, and the due presentation of said claim to said administrator, and its rejection thereof. The Fidelity Trust Company, answering the amended complaint, admitted that on September 12, 1899, the plaintiff filed with said administrator its claim against said estate for $1,010.50, and that the administrator rejected the same, and that on March 8, 1900, the plaintiff again filed with the administrator the said claim, which was again rejected and disallowed. For a further and separate defense, the trust company alleged that before the commencement of the action, and during the lifetime of said Moses P. Wyman, the said Wyman satisfied and discharged the plaintiff's alleged claim by payment thereof. The answer then proceeded to set up the defense that the action was barred by reason of the following facts: That on October 3, 1898, said Moses P. Wyman died, and on January 26, 1899, his will was admitted to probate, and the trust company was duly appointed administrator with the will annexed; that the administrator duly published notice to creditors of said estate, requiring them to present their claims within one year after the date of such notice, the first publication whereof was made on February 2, 1899; that on September 12, 1899, the plaintiff presented to said administrator for allowance its claim for $1,010.50, and the administrator indorsed said claim as rejected, and forthwith notified the plaintiff thereof; that on September 12, 1899, on the disallowance of said claim, the plaintiff presented the same to the superior court of the state of Washington for Pierce county, having jurisdiction of such matters, and the court disallowed the same; that this action was not begun within a period of three months after the rejection of said claim; that thereafter, on March 8, 1900, the plaintiff again presented for allowance the said claim, which claim was on said date duly indorsed as rejected, and the plaintiff was notified thereof; that said presentation on March 8, 1900, was not made within one year after the date of said publication of notice to creditors. To this second defense the plaintiff demurred, on the ground that the facts therein alleged constituted no defense, and the court sustained the demurrer. The interveners also answered the amended complaint, admitting the execution of the bond, but denying that the said Moses P. Wyman was indebted to the plaintiff in the sum of $1,010.50 or in any sum whatever, and they denied that the said supplemental account of July 14, 1899, as stated in the amended complaint to be between the said agent and the plaintiff, is duly stated as to the item of $1,168, wherein it is supposed that that amount or any amount of money whatever was in the fall of 1891, or at any other time, paid to the said agent in his official capacity by one David G. Browne for or on account of the plaintiff, or for which the agent was in any manner accountable to the plaintiff. The answer proceeds to allege that at the expiration of the term of office of said agent the United States was indebted to him in the sum of $157.50; that the account of said agent so stood until July 14, 1899, when the Interior Department received information that said agent had in 1891 received $1,168 of one David G. Browne for account of the United States as such agent, and that upon this information a new and so-called supplemental account statement by direction of the Treasurer's Department was made up against said agent by the auditor of that department for the Department of the Interior, by charging that amount additionally against said agent's accounts, whereby the account was changed from one showing a balance of $157.50 in the agent's favor to one showing a balance of $1,010.50 against him; that said supposed sum of $1,168 was never received by said agent from said Browne, but that it is true that in the latter part of the year 1891, while said Moses P. Wyman was Indian agent and acting as such, he was requested by one David G. Browne, who then had a government contract to furnish hay for the use of the government at Fort Custer, Mont., to take and receive from him, the said Browne, the sum of $1,000, to be held by said Moses P. Wyman upon his own personal and private account, and not as Indian agent, and for and on account of said Browne, to be by him, the said Wyman, paid out for and on account of said Browne to certain Crow Agency

Indians owning and having teams of their own, a large number of whom had been hired by said Browne to haul 170 $9/_{25}$ tons of hay, at the rate of $5 per ton, from Dana's Ranch, near the Crow Agency, to the government post at Fort Custer; that on account of such hauling the agent paid out to the Indians $851.80 on account of their services so rendered to Browne, and for the remainder accounted to the said Browne. The answer sets up the further defense that the action is barred by reason of the facts so set forth in the answer of the trust company, to all of which portion of their answer a demurrer was interposed, which was sustained by the court.

The case was tried before the court without a jury, and on the evidence adduced the court found, among other findings of fact, the following: "That on the 14th day of July, 1899, upon the settlement of his, the said Moses P. Wyman's accounts, as such agent, made by the Treasury Department of the United States and the Auditor of the Interior Department thereof, it was found and determined by said auditor that there was a balance due the United States from said Indian Agent Wyman, on account of such agency, and upon said bond, the sum of $1,010.50, and a certificate to that effect was made by said auditor; that the item out of which this balance so certified grew was on account of money paid by a man named David G. Browne to Moses P. Wyman, Indian agent, to pay for the hauling of something over two hundred tons of hay by the Crow Indians under his charge, they to be paid for said hauling at the rate of five dollars per ton; that the Indians hauled the hay, though the amount thereof was ascertained to be less than two hundred tons; that the said Wyman did not pay the said money to the Indians, nor return the same to Browne, or account for it to the government; that the money intrusted to Wyman was the money of a private individual, to wit, David G. Browne; that no portion of it was drawn from the treasury of the United States, and that the government never had any right or claim to it." Upon those findings of fact the court drew the legal conclusion that no part of the money in question ever belonged to or was due to the United States, and that the evidence offered on the part of the government failed to prove the particular breach of bond sued on and assigned in the complaint, and that the evidence offered on the part of the government in the case was inadmissible, incompetent, and wholly insufficient to prove the issue on its part. This legal conclusion and the judgment so rendered are assigned as error.

The court also found that the claim of the government is not barred by the state statute of limitations, regarding either the time of presenting a claim against the decedent's estate or the time within which to bring an action for the rejection of such a claim. Judgment was rendered for the defendants in error; whereupon the plaintiff in error sued out the present writ, and the defendants in error, the said interveners, made joinder therein, and assigned as cross-errors that the trial court sustained the demurrer of the plaintiff in error to that portion of the answer to the amended complaint which set up the defense that the action was barred, and the defense that the court had no jurisdiction of the cause, for the reason that the plaintiff had prosecuted its claim and demand in the superior court of the state of Washington for Pierce county against the administrator of said decedent, and that the trial court erred in not holding that the moneys alleged to have been received by Moses P. Wyman from David G. Browne were received by him only as the bailee and agent of said Browne.

Jesse A. Frye and Edward E. Cushman, for plaintiff in error.
George W. Fogg, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The plaintiff in error brought this action against the administrator of the agent for the Crow Indians, alleging the failure of the agent to account for certain money received by him as such officer.

121 F.—49

The complaint set forth the total sums received by the agent, and the total disbursements by him made, showing a balance of $1,010.50, which it was alleged was unaccounted for. With the complaint was filed as a bill of particulars the account of the agent as settled by the Auditor of the Treasury Department and the certified transcripts from the Commissioner of Indian Affairs. This account showed that, on the expiration of the agent's term of office, a balance was found due him of $157.50, and that a supplemental account was thereafter stated charging him with $1,168, alleged to have been received by him for the services of certain Crow Indians in hauling hay for one Browne from Dana's Ranch to Fort Custer, in the fall of the year 1891, against which sum the agent was credited with the balance due him, leaving, according to the account, $1,010.50 which had not been accounted for. The administrator thus had notice that the balance of $1,010.50 sued for was claimed by the government to arise out of money which the agent had received for the services of the Indians in hauling hay for Browne in the fall of 1891. The administrator then filed his answer, and therein, among other defenses, alleged that the agent had satisfied and discharged the claim arising out of this transaction by the payment thereof. When the interveners appeared and answered they also had notice of the nature of the plaintiff's claim. In their answer they referred to the specific item on which the balance was claimed in favor of the United States, and alleged that the money so received by the agent for the Indians was not $1,168, as charged in the account, but was the sum of $851.80, which they alleged was the money of Browne, and that the said agent paid the same to the Indians on account of their services in hauling hay for Browne. In support of that defense they produced in evidence the deposition of David G. Browne, who testified that the Indians had earned $851.80 in hauling hay on his account, and that he had paid that amount to the agent, to be by him paid to the Indians on account of their services. They failed, however, to prove that the agent had paid any of the said money to the Indians, and the court found that he had received the money from Browne as alleged in said answer, but that no part thereof has been paid to the Indians. Notwithstanding these findings of fact, the court denied a judgment to the plaintiff in error on the ground, as stated in the opinion, as follows:

"The government has no interest in the transaction, except incidentally from its obligation to compel its agent to deal honestly with the Indians. This interest, obligation, and right of the government is quite different from the right of a creditor to whom money is due. It is my opinion that the auditor committed an error in the adjustment of Wyman's accounts, as shown by his statement of differences in charging this item of $1,168. Therefore the evidence offered by the government fails to prove the particular breach of the bond alleged in the complaint. If Wyman embezzled money which he should have paid to the Indians or returned to Browne, such conduct constituted a breach of the conditions of this bond, and the government is entitled to prosecute an action upon the bond to recover damages for the benefit of the injured individuals; but the rules of pleading cannot be disregarded, and a recovery cannot be permitted when the allegations of the complaint are not sustained by the evidence, although the obligor may be in fact guilty of a breach not assigned in the complaint. If this complaint

were amended so as to charge Wyman with misappropriating money earned by the Indians, still the government would not be in any better position, because the evidence introduced on the part of the government is, in my opinion, incompetent to prove such fact. * * * There is no evidence tending to prove that he received money from Browne, except a deposition of Browne taken at the instance of the defendant; but, if a new issue were to be tried, this evidence would not be available for the government, because it would be unfair to use the defendant's evidence, procured to disprove a different charge, to supply what is lacking to make a complete prima facie case for the plaintiff."

We think that in taking this view of the case the court failed to give due regard to the state of the pleadings. The answers of the administrator and the interveners not only do not put in issue the averment of the complaint, as aided by the bill of particulars, that the agent received from Browne money to be paid to the Indians, but they expressly admit the receipt of such money by the agent, and proceed to plead affirmatively that the money was properly paid out by him. It cannot be disputed, and the Circuit Court so held, that the United States, as representing the Indians under its charge on the agency, had the right to bring an action to recover money which the agent received for the services rendered the Indians. United States v. Kagama, 118 U. S. 375, 6 Sup. Ct. 1109, 30 L. Ed. 228; United States v. Boyd, 27 C. C. A. 592, 83 Fed. 547; United States v. Flournoy Live Stock, etc., Co. (C. C.) 69 Fed. 886. It is immaterial that in the complaint it is alleged that the money was money of the United States. If it be conceded that the United States could sue upon the bond to recover the money, it must follow that it could recover it upon the facts found in the present action, when we consider that before making their defense the defendants in error were by the pleadings properly advised of the precise nature of the demand upon which the action was brought. The bill of particulars which was filed in aid of the original complaint specified the nature of the demand, and directed attention to the item out of which it arose, and gave notice that the money sued for was that which the agent had received from Browne for and on account of the services rendered by the Indians. The defendants in error, in making answer both to the original complaint and to the amended complaint, framed their defense with express reference to that item of the account. To make out the case of the plaintiff in error, it was not necessary to refer to the deposition of Browne. That deposition proves no more than the answers had already admitted to be true. The defendants in error went to trial admitting that the Indians had earned $851.80 by hauling hay, and that Browne had given the agent that sum with which to pay them. Their defense, as they pleaded it, was that the agent had paid the Indians. The court found that this was not true, and that no part of the money was so paid out by the agent. There was no objection taken to any of the testimony on the ground that the action was brought to recover money as the money of the United States, when in fact it was money due the United States in a fiduciary capacity. The defendants in error were in no way misled by the averments of either the original complaint or the amended complaint. They failed to sustain the specific de-

fense which they pleaded, and on the facts as found by the court we think the plaintiff in error was entitled to judgment for the sum of $851.80, less the balance of $157.50, which was due the agent on the settlement of his accounts with the United States on July 14, 1899, or $694.30, with legal interest thereon from the date of such settlement.

We find no error in the ruling of the Circuit Court that the claim of the plaintiff in error was not barred by the state statute of limitations. United States v. Thompson, 98 U. S. 486, 25 L. Ed. 194; United States v. Belknap (C. C.) 73 Fed. 19; United States v. Hoar, 2 Mason, 311, Fed. Cas. No. 15,373. Nor do we find ground for holding, as urged by the defendants in error, that the rejection of the claim by the judge of the superior court for Pierce county was res judicata. The rejection was not a judgment. There was no suit upon the claim in that court. The presentation of the claim to that court was not only ex parte, but it would seem to have been unauthorized by statute. The statutes of Washington (Ballinger's Ann. Codes & St. §§ 6226, 6230) provide that a claim against the estate of a decedent shall be verified by affidavit and presented to the executor or administrator, and that if the executor or administrator allow the claim it shall then be presented to the judge of the superior court for his allowance or rejection. There is no provision that a claim rejected by the executor or administrator may be presented to the judge of the superior court. But, however this may be, it is clear that section 6233 contemplates that after rejection of the claim by the superior court an action may be brought thereon. It provides: "When a claim is rejected by either the executor, administrator, or the court, the holder must bring suit in the proper court against the executor or administrator within three months after its rejection; otherwise the claim shall be forever barred."

The judgment is reversed, and the cause remanded, with instructions to enter judgment for the plaintiff in error in accordance with the foregoing views.