NEW DEPARTURE MFG. CO. v. SARGENT & CO.

(Circuit Court of Appeals, Second Circuit. December 21, 1903.)

No. 16.

1. PATENTS—INVENTION—DOOR BELLS.
   The Rockwell patent, No. 471,983, for a bell designed for use as a door bell, is void for lack of invention, in view of the prior art, and especially of the English patent to Bennett, No. 2,425 of 1877, for a call bell.

Appeal from the Circuit Court of the United States for the District of Connecticut.

For opinion below, see 118 Fed. 41.

This cause comes here upon appeal from a decree of the Circuit Court, district of Connecticut, dismissing a bill for infringement of United States letters patent No. 471,983, granted March 29, 1892, to Edward Dayton Rockwell for a "bell."

T. Hart Anderson, for appellant.

John K. Beach and Samuel H. Fisher, for appellee.

Before LACOMBE and COXE, Circuit Judges, and HOLT, District Judge.

LACOMBE, Circuit Judge. The specification states that it is the object of the invention to produce an improved bell that can be operated without the use of springs, and can be caused to emit a continuous ringing sound resembling that of an electric bell—"a clearer sounding bell" than those of the same class ordinarily used. "In accomplishing this object," says the patentee, "I provide within a gong a centrally pivoted swinging arm that extends nearly the length of the diameter of the gong, and carries one or more loosely pivoted strikers. I also provide a lug upon the side of the gong, against which the strikers may impinge squarely, and thereby produce a clear, resonant tone."

The particular desideratum and the means devised to secure it—the object of the invention and the invention itself—are very clearly set forth in the specifications, as follows:

"Heretofore in bells of this class revolving arms with loosely pivoted strikers have been used, but the arms, being short, have been pivoted near one side of the gong instead of at its center. Even by this arrangement, which increases the angle at which the strikers would be thrown against the side of the gong, the strikers would nevertheless impinge against the gong glancingly, and thereby impair the purity of the tone of the bell. By increasing the length of the revolving striker arm, the dimensions of the parts, especially the size and weight of the strikers, may be materially increased and the durability of the bell mechanism enhanced; but with a smooth gong it would have been impossible to use an arm which would swing its entire inside diameter, because instead of being thrown against the side of the gong at intervals to produce a ringing sound the strikers would at all times during a revolution of the arm be brought in contact with its side, and produce only a scraping noise. To adapt a bell for the use of such mechanism as above described, I provide a lug projecting inwardly on the side of the gong, so that the strikers, while out of reach of the gong proper, may hit the lug squarely, and, being loosely pivoted, rebound at once, and thus cause the bell to emit a clear musical tone."

In the drawings the bell is shown set in place upon a door. The base-plate is fastened to the door by screws, and carries, on an arbor (numbered 4), in suitable bearings, a little to one side of its center, a main gear or cog wheel, 5. It is this wheel which sets the parts in action, and it is itself operated by the squared shank of a knob which fits into a square hole in the end of the arbor, the shank passing through, and the knob or turn button being on the farther side of the door, where it is secured in the ordinary way with an escutcheon. The knob is thus held "in fixed operative relations with the arbor, so that a turn in either direction of the knob may cause the wheel, 5, to revolve." It is stated that "any other suitable means of rotating the gear, 5, may be substituted." Manifestly the invention of the patent is to be found elsewhere than in the means for turning such gear.

The specification shows:

"An internal frame-plate that is fastened securely to studs, projecting from the base-plate. The base-plate and frame-plate so united constitute the frame of the bell. The plate is provided with one bearing for the arbor, 4. * * * In the center of the base-plate, upon top of the frame-plate, is fixed a cylindrical stud, 12, which is smooth next to the plate, and is screw-threaded on its projecting end. Around the smooth part of this stud is pivoted a revoluble pinion, 13, that carries fixedly on one side an arm, 14. Upon opposite ends of the arm I provide loosely pivoted strikers of any suitable shape—such, for instance, as those shown in the drawings—which consist of round pieces of metal, 15, provided with large central apertures through which pass pivot pins, and to which they are secured by washers on the ends of the pins. The revoluble pinion, 13, is geared to the cogwheel, 5, by any suitable gear—such, for instance, as the large gear, 18, and a pinion, 19, borne, respectively, above and below the frame-plate by a common arbor, 20, carried in suitable bearings in the base-plate and frame-plate. Upon the screw-threaded end of the stud, 12, may be screwed a gong, 21. An internally screw-threaded projection upon the inside of the gong is provided for this purpose, the projection, when in place, being adapted to hold the arm, 14, and its pinion securely in place. * * * I provide on the interior of the gong, on one side near its edge, an internally projecting lug. It will be observed that the arm, 14, extends almost entirely across the inside of the gong, and is adapted to swing around its entire inside diameter, its dimensions being such that the strikers are out of reach of the sides of the gong, but are adapted to impinge against the lug that is located in their path."

The patentee adds:

"I do not confine myself to the shape of the striker arm that carries the striker. It may be duplicated in effect so as to present the appearance of a cross-arm, or it may be wheel-shaped, if desired, so as to carry more than two strikers; but these are manifestly mere details of construction."

The single claim reads:

"In bell mechanism the combination, with a frame and gong and lug upon the gong, of a centrally pivoted pinion loosely mounted on a central post on the frame, and having an arm upon one side, strikers upon the arm, and mechanism for communicating motion to it through the pinion, substantially as set forth."

This patent was applied for October 29, 1891. On September 17, 1891, Rockwell had applied for another patent for a "bell." Both patents were issued on the same day, the one first applied for as No. 471,982, the one in suit as No. 471,983. The object of invention in the lower numbered patent is to produce a bicycle bell by which a

sound resembling that of an electric bell, but of increased purity of tone, may be produced. That patent contains this paragraph: "I do not in this specification claim, in combination operatively with other parts of bell mechanism, a centrally pivoted pinion loosely mounted on a central post on the frame, and having an arm upon one side, because I have made it the subject-matter of another application, Serial No. 410,248," which was issued as the patent in suit.

Suit for infringement was brought upon the bicycle bell patent against Bevin Bros., the patent was sustained below, and the cause came up on appeal to this court. New Departure Bell Co. v. Bevin, 73 Fed. 469, 19 C. C. A. 534. In the opinion then handed down the characteristics of the bicycle bell patent are fully set forth, with quotations from the specifications. It is sufficient now to refer to that opinion, without incumbering the present one by incorporating all that it contains. It was held that an English patent to Bennett for a call bell disclosed a combination of parts so closely resembling Rockwell's that the slight modification required to adapt it to use on a bicycle could not be held to be invention. The opinion sets forth the description of the Bennett bell with great particularity, and such description is made more intelligible by the insertion of two of the Bennett drawings. The reasoning and conclusion in the Bevin Case are applicable here, and dispose of this patent in the same way. In the bicycle bell patent there is found the combination with a frame and gong, and lug upon the gong, of a centrally pivoted pinion, loosely mounted on a central post on the frame, and having an arm upon one side, strikers upon the arm, and mechanism for communicating motion. Every one of those elements was found in Bennett, combined in precisely the same way, and performing precisely the same functions. In the bicycle bell—presumably because of the necessity for operating by alternately pressing and retracting the thumb without letting go the grip on the handle bar—the pinion wheel. which imparted motion to the loosely-mounted revoluble pinion that carried the striker arm was restricted, so that after moving through a few degrees in one direction under thumb pressure it moved the same number of degrees in a reverse direction under the operation of a retracting spring. Consequently the pinion wheel was reduced to a mere sector. In the patent in suit this restriction is not required, and the gear, 5, is left free to move indefinitely in either direction. It seems unnecessary to do more than refer to the quotation from the Bennett patent and the drawings on page 473, 73 Fed., 19 C. C. A. 534, of our former opinion. The pendulum, l, is a mere optional addition, having nothing to do with the bell mechanism, and may be left off. The rod, i, is the device which causes the first pinion wheel to rotate, but the patent in suit says that "any suitable means for rotating the gear, 5, may be employed." Therefore i may be omitted, and in its place the arbor on which the pinion wheel revolves may be made fast to the wheel, and continued through the door, when the operation of a turn button will revolve the wheel in either direction indefinitely. Precisely such a device was shown, before Rockwell entered the field, in patent to Allen and Goulden, No. 450,347, April, 1891. Inasmuch as

the half wheel is to revolve indefinitely in either direction, it must be made a whole wheel, and regard for appearances would call for a gong wide enough to cover it. It is difficult to see why such trifling changes would not be within the skill of the ordinary workman. If the Bennett patent was a fatal reference against the bicycle bell patent, it should be equally fatal to the patent in suit, for with the trifling changes mentioned—indeed, with one only (completing the wheel), for the means for rotating gear 5 are left undefined—we find in the Bennett structure every element of the claim combined in the same way to perform the same functions.

The argument that there must have been inventive skill required, because for years after the Bennett patent was issued inferior combinations were still essayed, has been fully considered and answered in our former opinion.

Of course, in this suit for infringement of a patent we cannot inquire into the apparently unfair devices in the way of get up, ornamentation, etc., by which it is suggested that defendants are seeking to deceive the public into a belief that their bells are those of the complainant.

The decree is affirmed, with costs.