**UNITED STATES FIDELITY & GUARANTY CO. v. BRAMWELL, Superintendent of Banks for State of Oregon.**

(District Court, D. Oregon.  October 1, 1923.)

1. Banks and banking ⊗⊐80(7)—Deposit of money held in trust for Indians on reservation held entitled to priority; "debt due United States."

   Rev. St. § 3466 (Comp. St. § 6372), providing that debts due to the United States from insolvents shall be first satisfied, applies to a deposit in a bank by the United States of money held by it in trust for Indians on the Klamath Indian reservation, of whom the United States, under a treaty with the Indians (16 Stat. 707), and under Rev. St. §§ 441, 465, 2068 (Comp. St. §§ 681, 723, 4014), Comp. St. §§ 4069, 4072, Act June 25, 1910, and Act May 25, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4077aa, 4078a), is the guardian.

2. Banks and banking ⊗⊐80(4)—Bank held "insolvent," within statute giving preference to debts due United States.

   Where the actual cash market value of the assets of a bank was insufficient to meet its liabilities, it was "insolvent," within Rev. St. § 3466 (Comp. St. § 6372), giving priority to debts of an insolvent due the United States.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Insolvency—Insolvent.]

3. Subrogation ⊗⊐7(2)—Surety, who on insolvency of bank paid deposit of United States, held entitled to priority.

   Under Rev. St. § 3468 (Comp. St. § 6374), providing that a surety, who on principal's insolvency pays the debt to the United States, shall have like priority as the United States, surety, which on the insolvency of the bank paid the amount of a deposit by the United States of money held in trust for Indians on a reservation, was entitled to priority over the general creditors of the bank.

In Equity. Suit by the United States Fidelity & Guaranty Company against Frank C. Bramwell, Superintendent of Banks of the State of Oregon. Decree for plaintiff.

Dey, Hampson & Nelson and Geo. L. Buland, all of Portland, Or.,
for plaintiff.

John P. Kavanaugh, of Portland, Or., and H. C. Merryman, of Kla-
math Falls, Or., for defendant.

BEAN, District Judge. [1] The laws of the United States provide
that, where any person indebted to the United States is insolvent, the
debt due it shall be first satisfied (R. S. § 3466 [Comp. St. § 6372]),
and that, where the principal in any bond given the United States is
insolvent, a surety who pays the money due on the bond shall have
like priority as the United States (R. S. § 3468 [Comp. St. § 6374]).
With this law in force, the United States, through the superintendent
of the Klamath Indian reservation, caused to be deposited from time
to time in the First State & Savings Bank of Klamath Falls moneys
received by such officer from the sale of tribal land, pasturage and tres-
pass on tribal lands, rent and trespass on allotted lands, sale of Indian
allotments, and other miscellaneous moneys, and the bank, with plain-
tiff as surety, executed and delivered to the United States a bond in the
penal sum of $100,000 as security for such deposits and interest there-
on.

On January 28, 1922, there was so on deposit in the name of the
superintendent the sum of about $95,000. On that day the bank was
insolvent, and the state superintendent of banks took charge of its as-
sets for the purpose of liquidation. Thereafter the plaintiff paid the
United States the amount of such deposit and interest, amounting to
$96,932.30, and duly presented for preference in the liquidation pro-
ceedings a claim for the amount so paid. The preference was denied,
but the claim was allowed as a general claim. The plaintiff thereupon
commenced this suit for a decree requiring the state superintendent of
banks to pay its claim in full prior to the payment of unsecured and
unpreferred creditors of the bank.

The position of the defendant is that the statute giving the United
States priority was designed to protect the public revenues, so that the
government could sustain its burdens and pay its obligations, and
since the debt here in question was for money held by the United
States for the use and benefit of the Indians residing on the Klamath
Indian reservation the statute has no application. But it seems to
me this is an unwarranted construction of the statute. The language
is general and without qualification. It applies to all persons indebted
to the United States. The form of the indebtedness is immaterial.
Lewis v. U. S., 92 U. S. 618, 23 L. Ed. 513.

The debt here in question was due from the bank to the United
States, both by the terms of the deposit and the condition of the bond
given for its security. The United States was the only party to which
the obligation ran, and which could enforce it. It is true the money was
held in trust for the use and benefit of the Indians, but that does not
make the indebtedness of the bank any the less an indebtedness to the
United States. The United States, under the treaty with the Klamath
Indians (16 Stat. 707) and various acts of Congress (R. S. §§ 441, 465
and 2068 [Comp. St. 681, 723, 4014]; Comp. St. §§ 4069 and 4072;

36 Stat. 856; 40 Stat. 591 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4077aa, 4078a]), is the guardian of the Indians on the reservation, and as such supervises and manages their affairs, collects and disburses funds intended for their benefit, and may sue to enforce and protect their rights and obligations (U. S. v. Fidelity Trust, 121 Fed. 766, 58 C. C. A. 42; U. S. v. Comet Oil & Gas Co. [C. C.] 187 Fed. 674; Watson v. U. S. [C. C. A.] 263 Fed. 700; U. S. v. Gray, 201 Fed. 291, 119 C. C. A. 529; Central Nat. Bank of Tulsa v. U. S. [C. C. A.] 283 Fed. 368; U. S. v. Thurston, 143 Fed. 287, 74 C. C. A. 425); and when it causes money received by it through its officers for the use and benefit of the Indians, to be deposited to its credit in a bank, it is, in my opinion, entitled to priority on account thereof to the same extent as in the case of any other debt due it, and such was conceded to be the law in the recent case of U. S. v. Oklahoma, 261 U. S. 253, 43 Sup. Ct. 295, 67 L. Ed. 638, decided by the Supreme Court on February 19, 1923.

[2] It is suggested that it does not appear from the record that the bank was insolvent within the meaning of section 3466 at the time its affairs were taken over by the state officer. It is alleged in the complaint that at the time the actual cash market value of the assets of the bank was insufficient to meet its liabilities, and it is stipulated that "the total value of its assets was less than the amount of the indebtedness of said bank;" and this, I take it, is insolvency, within the meaning of the statute as interpreted in the Oklahoma Case.

[3] It follows that the plaintiff is entitled to a decree directing the payment of its claim, with interest (American Surety Co. v. Carbon Timber Co. [C. C. A.] 263 Fed. 295), in preference to the general obligations of the bank.