## NATIONAL SURETY CO. v. OSWEGO STATE BANK OF OSWEGO, KAN., et al.

District Court, D. Kansas, Third Division. June 1, 1929.

No. 321.

McAnany, Alden & VanCleave, of Kansas City, Kan., for complainant.

Elmer W. Columbia, of Oswego, Kan., for defendants.

POLLOCK, District Judge. Defendant bank failed, and was by the bank commissioners of the state placed in the hands of a receiver to settle its affairs. At the time of its failure it had on deposit in its hands $28,500 of the funds of the United States arising out of Indian Affairs. In order that the bank might procure this deposit from the government, it was required to and did give a surety bond for its repayment, which was done with plaintiff, National Surety Company, as surety thereon. After the failure of the bank, plaintiff, as surety on the bond, was required to and did pay the government the amount of its demand against the bank.

Plaintiff now brings this suit to obtain a decree against the bank and its receiver in charge of its affairs in liquidation requiring the payment to plaintiff of the amount it was required to pay the government as surety on the bond of the bank.

This suit is based on the ground the government by force of its statutory laws was entitled to priority in payment to it by the bank, and, as the plaintiff surety on the bond of the bank to the government was required to and did pay the government, it is now entitled to be subrogated to all rights the government had for its payment against the bank or its receiver.

This case was originally docketed on the law side of the court as an action at law, but, as the right sought to be enforced is equitable, on application of plaintiff the case has been transferred to the equity docket, and stands briefed, argued, and submitted for decision.

Coming now to the merits of the controversy, it may be said:

Section 3466, R. S. U. S., section 191, title 31, U. S. Code Anno., provides as follows:

"Whenever any person indebted to the United States is insolvent * * * the debts due to the United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

Section 3468, R. S. U. S., section 193, title 31, U. S. Code Anno., provides as follows:

"Whenever the principal in any bond given to the United States is insolvent, * * * any surety on the bond, * * * pays to the United States the money due upon such bond, such surety * * * shall have the like priority for the recovery and receipt of the moneys out of the estate and effects of such insolvent * * * as is secured to the United States; and may bring and maintain a suit upon the bond, in law or equity, in his own name, for the recovery of all moneys paid thereon."

That these acts fully cover this suit and give plaintiff as surety on the bond of the bank to the government priority in payment under the facts in this case has to my mind been fully settled by decisions controlling here. U. S. Fidelity & Guaranty Co. v. Bramwell (D. C.) 295 F. 331, affirmed 269 U. S. 483, 46 S. Ct. 176, 70 L. Ed. 368; Adams v. U. S. (C. C. A.) 24 F.(2d) 907; Miller, Administratrix, v. Viola State Bank et al., 121 Kan. 193, 246 P. 517, 48 A. L. R. 373.

Nothing appearing on the briefs of defendant militates against this view of the case. It follows there will be a decree entered for plaintiff for the amount of money by it paid to the government as surety on the bond, less any sum or sums heretofore paid thereon by the bank or its receiver. The unpaid amount will be decreed priority in payment by the receiver. Interest on unpaid balance will be computed and stated in the decree, but priority in payment of this interest will not now be decreed. If the principal of other debts of the bank shall be paid out of its assets, and there being any remaining sum, then interest as computed in the decree herein will be allowed and decreed payment out of the same. It is so ordered.