ERICH CHRISTIAN LUDWIG GRUNER, CLAIMANT OF THE SCHOONER FAIRY, HER TACKLE, &C., APPELLANT, *v.* THE UNITED STATES.

Where a vessel was libelled in the District Court and sold by agreement of parties, and the proceeds of sale amounted only to $850, which was paid into the registry, this is insufficient to bring the case within the jurisdiction of this court, although an agreement by counsel was filed admitting the value of the vessel to be more than two thousand dollars.

This agreement would be evidence of the value if nothing to the contrary appeared in the record. But the decision of the court would only determine the right to the proceeds of sale, viz. $850, and the case must therefore be dismissed, for want of jurisdiction.

THIS was an appeal from the District Court of the United States for the District of Texas.

The facts in the case are sufficiently stated in the opinion of the court.

It was argued by *Mr. Sherwood*, for the appellant, and *Mr. Crittenden* (Attorney-General), for the appellees.

Mr. Chief Justice TANEY delivered the opinion of the court.

The schooner Fairy was seized by the collector of the port of Galveston for a violation of the registry acts of the United States, and libelled in the District Court for the District of Texas.

A few days before she was seized by the collector, she had been seized by the sheriff of Galveston County upon process of sequestration issuing from a State court at the instance of Gruner, the appellant. He appeared in the admiralty court, and denied that the vessel was liable to forfeiture under the registry acts; and averred that he had an equitable lien upon her to the full amount of her value, by reason of certain transactions with a man by the name of Fruh, which are set out at large in his answer; that he had proceeded to enforce this lien in the proper court of the State of Texas, and had obtained process of sequestration against the Fairy, which had been duly served, and that she was in the custody of the sheriff of Galveston County upon this process when she was seized by the collector; and he denied that the District Court had jurisdiction to proceed against her when she was previously in custody of the law upon process from the State court.

While the suit was pending in the District Court, a written agreement was filed between the district attorney and the

proctor for the claimant, by which it was stipulated, that, upon the attorney for the United States procuring an order from the District Court for the sale of the vessel, and upon a similar order being obtained from the State court, the vessel should be sold, and the proceeds paid into the registry of the District Court of the United States, to abide the ultimate decision of the suits in the two courts; the rights of neither party to be prejudiced by the sale. The sale was accordingly ordered; and the schooner was sold by the marshal for $850, and the proceeds paid into the registry. And upon the final hearing of the case the court condemned the Fairy as forfeited to the United States, and disallowed the claim of Gruner under the sequestration from the State court.

There is an agreement in the record signed by the attorneys of the parties, admitting that the schooner was worth over two thousand dollars.

This brief statement will show how the question of jurisdiction arises in this court. And as we think the case must be disposed of upon that question, it is unnecesary to state more particularly the facts, or the points of law which arose on the trial, and which are fully discussed in the printed arguments filed in the case.

The vessel has been sold by the consent of the parties, and the proceeds of sale paid into the registry. This sum of money is the only matter in controversy in this court; and if the decree of the District Court is affirmed or reversed, the decision would do nothing more than determine the right to this money; and the sum paid into the registry is far below the amount necessary to give jurisdiction to this court.

It is true that there is an admission by the parties, as we have already stated, that the vessel was worth more than two thousand dollars. And this admission would be evidence of the value where nothing to the contrary appeared in the record. But the consent or agreement of parties cannot give jurisdiction to this court. Its appellate power is regulated and limited by law. And as it appears on the face of the record that the sum in controversy is below two thousand dollars, the appeal must be dismissed for want of jurisdiction.

### Order.

This cause came on to be heard on the transcript of the record from the District Court of the United States for the District of Texas, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed by this court, that this cause be, and the sam is hereby, dismissed, for want of jurisdiction.