### UNITED STATES *v.* SHAW *et al.*

(*Circuit Court, S. D. Georgia, E. D.*   January 15, 1889.)

1. **FEDERAL COURTS—JURISDICTION—AMOUNT.**
   The limitation as to amount in a controversy necessary to give the circuit court jurisdiction, fixed by section 1 of the act of March 3, 1887, (24 St. at Large,) does not apply to suits in which the United States is plaintiff or petitioner.

2. **SAME—STATUTES—REPEAL.**
   The old law embraced in section 629, Rev. St., gave jurisdiction of all suits at common law and in equity where the United States are plaintiffs or petitioners, and it also contained an independent special clause, giving jurisdiction of all suits arising under the revenue, internal revenue, or postal laws. The act of March 3, 1887, conferred jurisdiction of all suits at common law or in equity where the United States are plaintiffs or petitioners, without reference to said special subjects. It is *held*, that the latter provision does not repeal by implication the grant of jurisdiction over the special subjects mentioned in the independent clause of the original statute.

3. **SAME—ACTIONS BY GOVERNMENT.**
   It is a settled policy on the part of the United States to have its legal rights determined in its own courts,—a policy founded upon sound and vital reasons.

4. **SAME—PRESUMPTIONS.**
   The right to sue in its own courts, having once attached, becomes a prerogative right, and congress will not be presumed to intend to deprive the government of such right, unless the intention appears in plain and unambiguous terms.

5. **STATUTES—CONSTRUCTION.**
   When, under one of two possible constructions, a statute would divest the public of a right, violate a principle of settled policy, and avoid the methods of procedure which have been clearly indicated by many acts of previous legislation, in such case, if there is doubt about the proper construction, the doubt should be resolved in favor of the government.

(*Syllabus by the Court.*)

At Law.
*Du Pont Guerry*, for the United States.
*John M. Guenard* and *Denmark & Adams*, for defendants.

SPEER, J.   This is a suit upon a postmaster's bond.   It appears upon the face of the declaration that the amount in controversy is less than $2,000.   Defendants demur to the declaration, and move to dismiss the suit for want of jurisdiction.   Counsel for defendants contend that if there is any jurisdiction to try this cause, it must be found in some act of congress now of force expressly conferring that jurisdiction upon this particular court; that where congress has not expressly conferred upon the courts the entire judicial power inherent in the government under the constitution, the jurisdiction of the court is limited to the express grant, and may not be helped by the residual ungranted powers that may be found in the constitution.   In support of this position they rely upon the following authorities: *Kempe* v. *Kennedy*, 5 Cranch, 185; *Kennedy* v. *Bank*, 8 How. 611; *Ex parte Watkins*, 3 Pet. 207; *McIntire* v. *Wood*, 7 Cranch, 506; *Kendall* v. *U. S.*, 12 Pet. 616; *Cary* v. *Curtis*, 3

How. 245; *Osborn* v. *Bank*, 9 Wheat. 738. They further contend that the act of congress of March 3, 1887, (24 St. at Large, 552,) undertook to define and determine the jurisdiction of the circuit courts over all suits of a civil nature at common law or in equity in which the United States are plaintiffs or petitioners, and therefore by implication repealed all previous acts of congress conferring jurisdiction of the same subject-matter, and they cite *King* v. *Cornell*, 106 U. S. 396, 1 Sup. Ct. Rep. 312. They contend that this act confers upon the circuit court jurisdiction only of such suits as involve a controversy in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, and they insist that this court has no jurisdiction of the case at bar. In support of the position that the jurisdictional limit as to amount in a general statute applies as well to suits brought by the government as by individuals, they cite the following authorities: *U. S.* v. *Hill*, 123 U. S. 681, 8 Sup. Ct. Rep. 308; *Walker* v. *U. S.*, 4 Wall. 163; *Ross* v. *Prentiss*, 3 How. 771; *Gruner* v. *U. S.*, 11 How. 163. There can be no doubt that the authorities cited by defendants' counsel are controlling in settlement of the questions they treat, but they are not applicable to the case at bar. In the first place, it is far from clear that the jurisdiction expressly conferred by the act of March 3, 1887, where the United States is plaintiff or petitioner, is limited in any sense by the amount in controversy. If we turn to the act of March 3, 1875, of which this act is an amendment, we will find that the limitation as to amount precedes the clauses conferring jurisdiction over the special subjects therein defined in the following order: It recites, *first*, that the circuit court shall have jurisdiction of all suits of a civil nature at common law or in equity, "where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars." Then follow specifications of the subject-matters, to-wit, federal questions, "or" government suits, "or" citizenship, "or" land grants, "or" suits of aliens.

It appears, then, that in the act of 1875 the grammatical structure of the section required that the limitation as to amount should apply to each class of suits specified. But the structure of the section as amended by the act of March 3, 1887, is very different. This act recites that the circuit court shall have jurisdiction of all suits of a civil nature at common law or in equity, "where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the constitution," etc., "or" "in which the United States are plaintiffs or petitioners," "or" "in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid," "or" land grants, "or" suits of aliens, where the matter in dispute exceeds, etc. By repeating the limitation clause as to amount after each class save one, and omitting it after the clause conferring jurisdiction over government suits, congress evidently intended to remove the doubt which might have been evoked by the language of the act of 1875, and to make it plain that the government could sue in the circuit court, without regard to the amount in controversy. The same reasoning would

inevitably induce the conclusion that the limitation as to amount does not apply to land-grant suits, were it not for another provision in a different section of the act in regard to land-grant suits, which it is unnecessary to discuss here. See Spear, Rem. Causes, § 21. Again, if we look to the judiciary act of 1789, as codified in section 629, Rev. St., we find that ample provision was made for suits by the government. Thus it was provided that where the United States are plaintiffs or petitioners, the circuit courts shall have jurisdiction of all suits at common law, without regard to amount, and of all suits in equity where the matter in dispute, exclusive of interest and costs, exceeds the sum or value of $500. Subsections 2, 3, § 629, Rev. St. And besides these provisions there is a separate and independent clause granting jurisdiction without regard to amount of all suits at law or in equity arising under the revenue, internal revenue, or postal laws, excepting suits for penalties and forfeitures, and excepting, also, admiralty causes. Subsection 4, § 629, Rev. St. As the law then existed, there can be no doubt that the government could have maintained a suit, either at common law or in equity, arising under the revenue, internal revenue, or postal laws, without regard to amount, under the express provisions of subdivision 4, and wholly independent of the jurisdiction granted, or limitation as to amount contained in subdivisions 2, 3, § 629, Rev. St. Therefore, whether the provision in the act of March 3, 1887, giving jurisdiction of all suits of a civil nature at common law or in equity in which the United States are plaintiffs or petitioners, enlarges the jurisdiction by removing the limitation as to amount in equity causes, to-wit, $500, or whether the provision raised the limitation as to amount to $2,000, both in common-law and in equity suits brought by the government, in either case, the provision embraced only the subject-matter contained in subdivisions 2, 3, § 629, Rev. St., viz., suits at law or in equity in which the United States are plaintiffs or petitioners. It could not, therefore, be held to repeal by implication the jurisdiction over the special subject-matter provided for by subdivision 4 of the same section, to-wit, postal suits, etc. *Hess* v. *Reynolds*, 113 U. S. 73, 5 Sup. Ct. Rep. 377; *Venable* v. *Richards*, 105 U. S. 636. Again, when we look to the provisions of the constitution, the judiciary act of 1789, the subsequent amendatory statutes, the acts organizing the court of claims, and many other statutes bearing upon the question, we find a settled policy on the part of the United States to have its controversies determined in its own courts,—a policy founded upon sound and substantial reasons, vital to its governmental powers. The right, once attached, becomes a prerogative of the government, and an act of congress will not be construed to surrender such right, "except by special and particular words." *Jones* v. *U. S.*, 1 Ct. Cl. 383.

It was insisted in the argument for defendants that the district court is by section 563, Rev. St., given jurisdiction of all suits at common law brought by the United States, and of all causes of action arising under the postal laws, without regard to the amount in controversy, and that congress may well be presumed to have intended by the act of March 3, 1887,

to relieve the circuit court of such cases. It is undoubtedly true, if it be conceded that the right of the government to sue must be expressly conferred, and that the act of March 3, 1887, raised the jurisdictional limit as to amount in all government suits in the circuit court to $2,000, that there would be a very large class of suits in equity over which neither the circuit nor the district courts would have jurisdiction, and the government would be compelled to resort to the state courts to assert its rights. This follows, for, except in suits under the postal laws, or to enforce a lien upon real estate under the internal revenue laws, the district court is given, by section 563, Rev. St., no equity jurisdiction in suits brought by the United States.

Could it have been the intention of congress to repeal the pre-existing laws upon this subject by implication, and force the government to relinquish all rights, or sue in the state courts in so large a class of cases, or in any case? This court can never concede such a proposition. Congress will not be presumed to have intended to deprive the government of such a right, unless the intention is expressed in plain and unequivocal words. The rule in regard to the repeal of a statute by implication does not have the same application to the government as to an individual. "Where an act of parliament is made for the public good, the advancement of religion and justice, and to prevent injury and wrong, the king shall be bound by such act, though not particularly named therein. But where a statute is general, and thereby any prerogative, right, title, or interest is divested, or taken from the king, in such case he shall not be bound, unless the statute is made by express words to extend to him." Bac. Abr. tit. "Prerogative" E. 5; *U. S.* v. *Knight*, 14 Pet. 301; *Fink* v. *O'Neil*, 106 U. S. 272, 1 Sup. Ct. Rep. 325; *Green* v. *U. S.* 9 Wall. 655; *U. S.* v. *Herron*, 20 Wall. 251; *Bank* v. *U. S.*, 19 Wall. 228. The principles involved in these propositions are the same. And when a statute which proposes to regulate proceedings in suits, is general, and by a doubtful application of its terms to government suits would divest the public of rights, and violate a principle of public policy, and would make provisions contrary to the policy which the government has indicated by many acts of previous legislation, in such case the statute ought not to be construed to impair the settled prerogatives of the government. *U. S.* v. *Knight, supra.* It follows, therefore, if there is any doubt as to whether the limitation as to amount in the act of March 3, 1887, was intended to apply to suits brought by the government, it ought to be construed not to apply. Indeed, it has been held that without any act of congress for the purpose, wherever the United States have rights which ought to be preserved, and for which an individual, under similar circumstances, could maintain an ordinary civil action, the United States may maintain its rights by such a suit brought in its own name, at least in some court. *U. S.* v. *Barker*, 1 Paine, 156. And this court is of the opinion that when the government has definitely acquired the right to sue in any of its courts exercising general judicial power, this right will be held permanent in its character, and will be maintained, subject only to such express and distinct limitations as congress may thereafter impose. Such right is

not affected by implication, save in those general statutes regulating procedure which do not divest the public of any right, and do not violate any principle of public policy. The demurrer is overruled.