# UNITED STATES *v.* SAYWARD.

**ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF WASHINGTON.**

No. 75. Submitted November 19, 1895. — Decided December 23, 1895.

Circuit Courts of the United States have jurisdiction of actions in which the United States are plaintiffs, without regard to the value of the matter in dispute.

THE case is stated in the opinion.

*Mr. Solicitor General* for plaintiffs in **error.**

No appearance for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

This action was brought by the United States against the defendants in error in the Circuit Court of the United States for the District of Washington, Northern Division, to recover · the sum of $1470 as damages alleged to have been sustained by the government in consequence of the unlawful conversion by the defendants of timber made from fir trees on certain unoccupied lands of the United States.

· One of the defendants demurred· upon the ground that, as the matter in dispute did not exceed the sum or value of $2000, the court was without jurisdiction.

The demurrer was sustained and the cause was dismissed, the Circuit Court holding upon the authority of *United States* v. *Huffmaster*, 38 Fed. Rep. 81, 83, that the acts of· Congress defining the jurisdiction of the Circuit Courts of the United States deprive those courts of jurisdiction in civil suits where the amount involved was less than $2000, exclusive of interest and costs, even in cases in which the United States were plaintiffs or petitioners.

In accordance with the fifth section of the act of March 3, 1891, c. 517, 26 Stat. 826, the court below certified the above question of jurisdiction as the only question to be determined upon the present writ of error.

By the judiciary act of 1789 it was provided that "the Circuit Courts shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and the United States are plaintiffs or petitioners; or an alien is a party, or the suit is between a citizen of the State where the suit is brought and a citizen of another State." 1 Stat. 78, c. 20, § 11.

The Revised Statutes, which went into effect in 1873, specified the suits and proceedings of which the Circuit Courts of the United States should have original jurisdiction, and, among them, were many in which the government would ordinarily be the plaintiff, namely, suits in equity where the matter in dispute, exclusive of costs, exceeded the sum or value of $500, and the United States were petitioners; suits at common law

where the United States, or any officer thereof suing under the authority of an act of Congress, were plaintiffs; suits at law or in equity arising under an act providing for revenue from imports or tonnage, except civil causes of admiralty and maritime jurisdiction, and seizures on land or on waters·not within admiralty and maritime jurisdiction, and except suits for penalties and forfeitures; suits arising under a law providing internal revenue, and of all causes arising under the postal laws; suits and proceedings for the enforcement of penalties provided by laws regulating the carriage of passengers in merchant vessels; proceedings for the condemnation of property taken as a prize, in pursuance of section 5308, Title; Insurrection; suits arising under the laws relating to the slave trade; and suits by the assignee of a debenture for drawback of duties, issued under a law for the collection of duties against the person to whom such debenture was originally granted, or against any indorser thereof, to recover the amount of such debenture. § 629.

In reference to the jurisdiction of the District Courts of the United States, as defined by the Revised Statutes, it is only necessary to say that as to actions or suits in which ordinarily the United States would be petitioners or plaintiffs, such jurisdiction was not made to depend upon the amount in dispute. § 563.

The first section of the act of March 3, 1875, determining the jurisdiction of the Circuit Courts of the United States, and regulating the removal of causes from state courts, provided that "the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of $500, and arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different States or a controversy between citizens of the same State claiming lands under grants of different States, or a controversy between citizens of a State

and foreign States, citizens, or subjects; and shall have exclusive cognizance of all crimes and offences cognizable under the authority of the United States, except as otherwise provided by law, and concurrent jurisdiction with the District Courts of the crimes and offences cognizable therein." 18 Stat. 470, c. 137, § 1.

The first section of the judiciary act of March 3, 1887, 24 Stat. 552, c. 373, corrected by the act of August 13, 1888, 25 Stat. 433, c. 866, amends the first section of the act of 1875, and provides that "the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different States, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid, or a controversy between citizens of the same State claiming lands under grants of different States, or a controversy between citizens of a State and foreign States, citizens, or subjects, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid, and shall have exclusive cognizance of all crimes and offences cognizable under the authority of the United States, except as otherwise provided by law, and concurrent jurisdiction with the District Courts of the crimes and offences cognizable by them."

It cannot be doubted that the judiciary act of 1789 made the value of the matter in dispute jurisdictional, even in suits of a civil nature brought by the United States in the Circuit Courts of the United States. But under the Revised Statutes the amount in dispute was not made jurisdictional in civil actions or proceedings instituted by the United States, except that in suits in equity the matter in dispute, exclusive of costs, must have exceeded the sum of $500; and no restriction as

to amount was imposed in respect of suits at common law where the United States were plaintiffs.

Then came the act of 1875 which prescribed the limit of $500, exclusive of costs, for all civil suits, at common law or in equity, of the several classes therein specified, including suits in which the United States were plaintiffs or petitioners. It is to be observed that the section of that act which defines the original jurisdiction of the Circuit Courts places the jurisdictional amount in advance of the enumeration, in the same section, of the different cases of which those courts could take cognizance, and there is no repetition, in that section, of such amount. In each of those cases the amount named was jurisdictional under the act of 1875.

In the particulars last mentioned, the act of 1887, as corrected in 1888, is unlike any previous statute. The jurisdictional amount, prescribed by the first section of that act, is fixed at $2000, and that amount is afterwards, in the same section, twice referred to by the words "the sum or value aforesaid." If Congress intended that the Circuit Court should not have original cognizance of *any* case mentioned in the first section of the act of 1887, unless the value of the matter in dispute exceeded $2000, it would not have taken pains to refer to the value of the matter in dispute in immediate connection with particular cases, and made no such distinct reference in connection with other cases placed within the original cognizance of the Circuit Court. It is clear that a Circuit Court cannot, under that statute, take original cognizance of a case arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or of a controversy between citizens of different States, or of a controversy between citizens of a State, and foreign States, citizens or subjects, unless the sum in dispute, exclusive of interest and costs, exceeds $2000, because in immediate connection with the enumeration of each of such cases will be found expressed a limitation of that character in respect of the sum or value necessary to give jurisdiction. But that cannot be said of the reference in the statute to a controversy in which the United States are plaintiffs or

petitioners, or to one between citizens of the same State claiming lands under grants of different States. The clause referring to cases or controversies of the two kinds last mentioned was placed between clauses that specifically refer to the value of the matter in dispute; so that it may be reasonably inferred that Congress intended a Circuit Court should take cognizance of a controversy in which the United States are plaintiffs or petitioners, or of a controversy between citizens of the same State claiming lands under grants of different States, without regard to the amount involved.

This interpretation of the statute is made quite clear if the first section is subdivided as was the section of the Revised Statutes defining the original jurisdiction of the Circuit Court. With a slight transposition or change of words, having due regard to substance, the first section of the act of 1888, if subdivided, would read as follows:

The Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature, at common law or in equity — First. Where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2000, and the suit is one arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority. Second. Of any controversy in which the United States are plaintiffs or petitioners. Third. Of any controversy between citizens of different States, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid. Fourth. Of any controversy between citizens of the same State claiming lands under grants of different States. Fifth. Of any controversy between citizens of a State and foreign States, citizens or subjects, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid.

The United States being plaintiffs in this action, the Circuit Court had jurisdiction without regard to the value of the matter in dispute.

*The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.*