UNITED STATES v. REID et al.

(Circuit Court, D. Nevada. November 14, 1898.)

No. 659.

JURISDICTION OF FEDERAL COURTS—SUITS BY UNITED STATES.

Under the judiciary acts of 1887–88, the federal courts have jurisdiction of a civil action at law in which the United States is plaintiff, without regard to the amount in dispute.

This is an action by the United States against John T. Reid and others on a postmaster's bond. Heard on demurrer to complaint.

Sardis Summerfield, U. S. Atty.

Robert M. Clarke, for defendants.

HAWLEY, District Judge (orally). This is an action upon a postmaster's bond to recover the sum of $667.38. Defendants demur to the complaint upon the ground that this court has no jurisdiction; the action being one of a civil nature at common law, and the matter in dispute being less than $2,000. If the question of jurisdiction rested solely on the provisions of the act of March 3, 1887 (24 Stat. 552), and of August 13, 1888 (25 Stat. 433), it might be said that it was not entirely free from doubt. But it has been ably discussed and reviewed at length by Speer, J., in U. S. v. Shaw, 39 Fed. 433, and by Barr, J., in U. S. v. Kentucky River Mills, 45 Fed. 273, and by the supreme court in U. S. v. Sayward, 160 U. S. 493, 16 Sup. Ct. 371. In each of these cases the judiciary act of 1789, the act of March 3, 1875, and sections 563 and 629 of the Revised Statutes, are referred to, and

numerous authorities bearing more or less upon the question are cited; and particular attention is called to the act of March 3, 1875, of which the act of March 3, 1887, is an amendment, and to the fact that in the act of 1875 the limitation as to amount precedes the clauses conferring jurisdiction over the special subjects therein enumerated, and that in the act as amended in 1887–88 the limitation as to amount follows after the enumeration of the subjects wherever mentioned, but does not repeat the limitation after the clause, "or in which the United States are plaintiffs or petitioners"; and they came to the conclusion that by repeating the limitation clause as to the amount necessary to confer jurisdiction in several classes, and omitting it after the clause conferring jurisdiction over government suits, like the present one, it must have been the intention of congress that the United States should be allowed to bring suits of this character in the circuit court, without regard to the amount in controversy. See, also, Fales v. Railway Co., 32 Fed. 673; U. S. v. Belknap, 73 Fed. 19, 21. My attention has not been called to any case holding the contrary view. Demurrer overruled.