CHARLES R. LASHER, Respondent, *v.* MAMIE A. RIVENBURGH, Appellant.

Third Department, May 5, 1920.

**Bills and notes — presumption of consideration from words " value received " — showing history of transactions does not deprive plaintiff of presumption — defense of forgery — evidence showing that defendant's signature not forged.**

The words " value received " in a promissory note are presumptive evidence that the note was given for a legal consideration.

The plaintiff did not lose the benefit of the presumption that the notes were given for a valid consideration by the introduction of evidence to show the history of the transactions between the plaintiff and the defendant and her husband for the purpose of establishing that the defendant was familiar with them, for the evidence was not given for the purpose of showing a particular consideration for the notes.

On all the evidence, *held*, that the signature of the defendant on the notes was not forged.

APPEAL by the defendant, Mamie A. Rivenburgh, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Columbia on the 15th day of April, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 18th day of April, 1918, denying defendant's motion for a new trial made upon the minutes.

*Frank B. Holsapple,* for the appellant.

*Elmer S. Luckenbach* [*William Harry Montgomery* of counsel], for the respondent.

KILEY, J.:

Two actions were brought by the plaintiff against the defendant to recover the several amounts due upon three promissory notes — one dated January 15, 1917, for $100, due two months from date; one dated January 24, 1917, for $160, due three months from date, and one dated January 25, 1917, for $145, due four months from date. Each of said notes purported to have been given for value received, indicated by having the words " value received " before the signature upon the face of each of said notes. The first note and the

third note were signed with names of " F. A. Rivenburgh " and " Mamie A. Rivenburgh," this defendant; the second note was signed with the name of " F. A. Rivenburgh " and indorsed on the back with the name of " Mamie A. Rivenburgh," this defendant. Upon the trial the two actions were consolidated and tried as one action. The plaintiff has a verdict for the full amount claimed. Defendant sought to defeat plaintiff's claim upon the trial upon two principal grounds — lack of consideration and that her signature upon the notes was a forgery. That the words " value received " in a negotiable instrument are presumptive evidence of consideration is elementary and does not call for citation — it is so when it appears in a non-negotiable instrument. (*Owens* v. *Blackburn, No. 1*, 161 App. Div. 827.) It is not necessary in a negotiable instrument to the presumption of consideration. (Neg. Inst. Law, § 50.) Granting this the defendant urges that plaintiff lost the benefit of such provision and presumption by giving what she calls evidence of what plaintiff claimed was the real consideration, and having failed in the attempt the notes stand upon no consideration. In that connection it should be remembered that the notes in suit were all renewals, the last of a long-continuing list covering several years of standing liability. What plaintiff did was to give a history of his transactions with defendant and her husband to show that she was familiar with these transactions, and that after her husband's death (he was dead at time of suit and trial) she could not be found to truthfully say she was a stranger as to these matters which had run for so long a time. The trial judge adopted that theory in charging the jury. He said " the law with regard to promissory notes, in the language of these notes, is that there is a presumption that they are given for value — imported by the presence of the words ' for value received ' in the notes themselves." " The plaintiff has the right to rely upon that presumption here, and unless it is overcome and destroyed by evidence upon the part of the defendant that the notes are without consideration, that presumption will continue." The defendant did not except to any part of the charge, and did not ask for any other or different instruction. Defendant urges that *Bruyn* v. *Russell* (52 Hun, 17) sustains his contention as to

consideration. That action was brought upon a promissory note for $5,000; the note contained the words "value received;" but plaintiff abandoned, in effect, the advantage that recital in the note gave her, and swore the real consideration was based upon an existing promise of marriage. The maker of the note and party to the promise was dead. She coupled with the promise of marriage a further consideration that it was to recognize and reward plaintiff for acts of kindness to testator and his family. The evidence she gave, as she gave it, did not amount to a good consideration, for the court stating the rule applied, said: "If she failed to establish the actual consideration she asserted, she could not ask to recover, because the defendants had not affirmatively overcome the presumption of consideration which the note itself imported; or, if establishing the particular consideration which she asserted, it should be found that such consideration had not sufficient legal validity to uphold the note, the words 'for value received' in the note, could not be invoked to supply legal validity to a consideration otherwise ascertained to be invalid." No such condition exists here. The evidence given on the relation of the parties and their course of dealing was not given, as we have already said, to show consideration.

The plaintiff testified that defendant personally delivered to him the $145 note, the $160 note and the check for $15.30, and that he saw her sign the note for $160. The defendant swore that she did not sign the notes, that she was not at home when plaintiff claims to have gone to her home where he says the last above-mentioned notes and check were delivered to him; her son and daughter also testify to the same effect. They also testify that the handwriting is not that of their mother; one expert, a banker, was called in behalf of defendant who gave it as his opinion that the signatures were not in the handwriting of the defendant. The evidence of plaintiff and cross-examination of defendant show, aside from the signatures on the instruments, that these notes were renewals of previous similar notes, and reduced by this payment by check of $15.30; that all of the notes were given before the due dates of the notes they were designed to take up and renew; but bore the several due dates of such notes so to be renewed; the plaintiff was at defendant's

house on the day he claims she delivered the notes and check to him; the daughter so testifies; but says it was after her mother had gone away. It will be remembered that the notes to be renewed fell due after the death of defendant's husband, the other party to the notes, and plaintiff swears that after the renewal notes were delivered to the bank he sent the notes, so taken up, to the defendant. Defendant admits that she had signed notes with her husband. As to the handwriting, some distinctive and striking features appear. F. A. Rivenburgh, the husband of the defendant, signed all of the instruments produced by the plaintiff. His signatures are similar and uniform in each instance, to a degree rarely found in signatures. It is masculine and strong. His hand did not write the name of his wife upon these notes. Her name was written upon the three notes by a feminine hand and is similar and uniform in its characteristics throughout; these signatures were written by the same hand and by a person at ease, as to position and intention, and were written with the same pen and with the same ink, showing they were done in the place where the writer was accustomed to write and in surroundings familiar and fitting. The only specimen of defendant's handwriting had upon the trial was an identification card, signed by defendant after her husband's death when she opened an account with a bank. The president of this bank knew she wrote her name upon this card and had seen her execute another legal paper; he testified that the disputed signatures were not the signatures of the defendant. In view of this testimony the examination of this card and the writing excites attention. Of course, so far as this evidence shows, it was her first experience at the bank. The president swore it was a " trembling " hand that wrote on the card. The woman was in a strange place, presumably standing, with a different pen from that she was accustomed to use, sharper at the point than the one used to write the signatures on the notes. On the card the name was written on a line within sufficient, but circumscribed, space to the eye, and upon cardboard. This cardboard is porous in texture, to a far greater degree than the notes; the surface gave way under pressure of a pen in a strange hand, permitting the ink to spread; that produced the appearance of what the expert called " trembling."

It was not trembling as such word is understood with reference to such writing. Defendant wrote the signatures upon the notes in question.

The charge of the trial judge was fair; neither party excepted. A question of fact was presented for the jury and the verdict is not against the weight of evidence.

The judgment should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.