RECONSTRUCTION FINANCE CORPORA-
TION v. KRAUSS et al.
No. L-4648.

District Court, D. New Jersey.
Aug. 9, 1935.

Harlan Besson, U. S. Atty., of Trenton, N. J. (by Isador S. Worth, Asst. U. S. Atty., of Riverside, N. J.), for the United States.

Robert K. Bell, of Ocean City, N. J., for Reconstruction Finance Corporation.

Augustus S. Goetz, of Ocean City, N. J., for defendants.

AVIS, District Judge.

The complaint in this cause alleges that on October 18, 1932, the defendants made and delivered their promissory note for $800 to the First National Bank of Ocean City, N. J., which note was payable to defendant Daniel Krauss three months after date; that before delivery to the plaintiff, it was indorsed by defendant Daniel Krauss; that prior to maturity it was delivered by the bank to the plaintiff for a valuable consideration; and that on November 18, 1932, said note fell due and, although demand was made on the defendants for its payment, with the exception of $119 paid at sundry times, the same has never been paid. For this reason the present suit was instituted, for the recovery of the balance, or $681, together with interest.

An answer was filed by defendants, in which they admit the making and delivery of the note, but deny that it was delivered to the plaintiff before maturity by the First National Bank of Ocean City, N. J., for a valuable consideration; deny that when the note fell due demand was made upon the defendants; deny that certain payments were made on account thereof as set out in the complaint; and deny the allegation of plaintiff that the note has not been paid. The answer also denies that defendants are indebted to the plaintiff in any sum of money.

Attached to the answer and forming a part thereof the defendants set up seven separate defenses. The effect of these defenses is to allege as a fact that the defendants had on deposit with the First National Bank of Ocean City, N. J., at the time the note was given, and at the time of the closing of the bank, the sum of $707.38, and that defendants are entitled to an offset as against the bank, and that by reason of the circumstances, including the insolvency of the bank at the time the note was transferred to plaintiff, of which insolvency it is alleged the plaintiff had notice, and further allegations that the right of offset was known to plaintiff at the time it took over the note; that the plaintiff is not a holder of the note in due course; and that the transfer was therefore void as against the rights of defendants.

It is also alleged that the transfer of the note, because of the information that the plaintiff had at the time, created a preference in violation of the statute (12 USCA § 91), and that the transfer of the note is therefore void.

An additional defense is set up in the nature of a counterclaim, in which defendants contend they have a right of set-off to the amount of the deposit which they have in the First National Bank of Ocean City, N. J.

With the pleadings in this condition, on October 15, 1934, the attorney for plaintiff served on the attorney for defendants a notice to strike the answer and defenses, based upon the ground that the denials in the answer are sham, and that the separate defenses, together with the counterclaim of set-off, are sham and interposed solely for the purpose of delaying the action. While this motion was pending, Harlan Besson, United States attorney, filed a petition praying that the United States of America be admitted as a party plaintiff, and served on the

attorney for the defendants a notice that on March 8, 1935, he would make application to the court for an order in accordance with the prayer of the petition. The notice of this motion was forwarded to the attorney for defendants on March 4, 1935.

Subsequent thereto, on March 9, 1935, the attorney for defendants served upon Robert K. Bell, attorney for Reconstruction Finance Corporation, plaintiff, a notice that on March 15, 1935, he would make application to the court for an order to dismiss the cause, upon the claim that the court does not have jurisdiction by reason of the fact that the amount involved is under $3,000, and that there are no other jurisdictional grounds.

All three of these motions were heard together, and counsel have filed briefs covering all of the questions involved in the respective motions.

The court should first dispose of the jurisdictional question. If the United States is not entitled to intervene and become a party plaintiff, the court has no jurisdiction. The jurisdictional statute provides that the United States District Courts shall be empowered to hear and determine all cases arising under the Constitution and laws of the United States, where the amount in dispute is in excess of $3,000. A suit such as the present one, where a corporation organized under federal law is a party, is a suit arising under the laws of the United States, but in the instant case the amount involved is much less than $3,000. If the United States is entitled to be admitted as a party plaintiff, the court has jurisdiction and the motion to dismiss on that ground will not be available to defendants.

The act of Congress creating the Reconstruction Finance Corporation (15 USCA § 602) provides that the United States shall own all of its stock.

By section 24 (1) of the Judicial Code (28 USCA § 41 (1) it is provided:

"The district courts shall have original jurisdiction as follows:

"First. Of all suits of a civil nature, at common law or in equity, brought by the United States."

■ The basic question to be decided is whether the United States of America could legally have instituted this action, either alone or in conjunction with the Reconstruction Finance Corporation. If the corporation is acting merely as the representative of the United States, and functions merely as an agency for the government, then certainly the United States, as principal, may intervene and with its agent prosecute any action for the conservation of the government's rights, or to recover moneys due to its agent as such.

The United States Supreme Court has held, as to Federal Land Banks, that they are instrumentalities of the federal government engaged in the performance of an important governmental function, although the statute authorizing their incorporation does not contemplate that their stock shall be wholly, or even chiefly, government owned. See Federal Land Bank of St. Louis v. Priddy, 295 U. S. 229, 55 S. Ct. 705, 79 L. Ed. —, decided April 29, 1935; Federal Land Bank of Columbia, S. C., v. Gaines, 290 U. S. 247, 54 S. Ct. 168, 78 L. Ed. 298; Smith v. Kansas City Title & Trust Company, 255 U. S. 180, 41 S. Ct. 243, 65 L. Ed. 577.

The case of Clallam County, Washington, v. United States & United States Spruce Production Corporation, 263 U. S. 341, 44 S. Ct. 121, 68 L. Ed. 328, was a proceeding by the United States and its corporate instrumentality to avoid state and county taxation of property held by the corporation. One of the questions certified to the Supreme Court was whether the District Court had jurisdiction, and it was held that as the power to tax "was repugnant to the Constitution and laws of the Union," the lower court had jurisdiction because it arose under the Constitution of the United States.

In the case of Erickson v. United States & United States Spruce Production Corporation, 264 U. S. 246, on page 249, 44 S. Ct. 310, 311, 68 L. Ed. 661, the court said: "Judged by the complaint, the claim made by the United States is not frivolous or wholly without support but is real and substantial. In other words, it calls for consideration and determination." That suit was one for alleged breach of certain contracts entered into between the Spruce Corporation and the plaintiff in error for the sale of certain logs belonging to the defendant in error. See, also, United States v. Lewis (D. C., W. D. Ky.) 10 F. Supp. 471.

In the case of United States v. Skinner & Eddy Corporation (D. C., W. D..

Wash. N. D.) 28 F.(2d) 373, the question was whether the plaintiff had the right to maintain the action for the recovery of overpayments by the Fleet Corporation on war-time contracts, and it was held that the United States was the real party in interest and the proper party to prosecute the action. See United States ex rel. Skinner & Eddy Corporation v. McCarl, Comptroller General, 275 U. S. 1, 48 S. Ct. 12, 72 L. Ed. 131, which holds that the Fleet Corporation is an instrumentality of the government.

The case of Russell Wheel & Foundry Co. v. United States (C. C. A. 6) 31 F.(2d) 826, was an action brought by the United States to recover for moneys mistakenly paid to the defendant in error for propellers furnished by the defendant but rejected by the agent of the United States, the Fleet Corporation. The court held on page 828 of 31 F.(2d): "We are dealing not only with the relationship of principal and agent, but with the abstract principle of property right. The money was plaintiff's property, and it was therefore entitled to sue for it, not only by the common law, but under the express provision of the Michigan Judicature Act (3 Comp. Laws 1915, § 12353), which commands that 'Every action shall be prosecuted in the name of the real party in interest.'"

In the case of United States v. Skinner & Eddy Corporation (C. C. A. 9) 35 F.(2d) 889, it was held that for money advanced by the Fleet Corporation, the United States had a right to sue for its recovery.

The case of United States v. Czarnikow-Rionda Co. (C. C. A. 2) 40 F.(2d) 214, was instituted to recover for demurrage claimed to have been caused by delay in loading a vessel of the United States Shipping Board Emergency Fleet Corporation, chartered to the appellee. The court below held that the United States was not the real party in interest and dismissed its libel. On appeal it was held that the Fleet Corporation was an instrumentality of the government and that the United States could maintain this action.

In the case of United States v. Stein (D. C., N. D. Ohio E. D.) 48 F.(2d) 626, on page 628, the court said: "The United States is undoubtedly the real party in interest and may maintain this action, notwithstanding the United States

Housing Corporation, as a federal agency created for convenience in administering the law, might also have been a proper party plaintiff." That suit related to the superior title of the plaintiff to the property in question, being real estate, and its right to possession thereof. The contract was between the defendant and the United States Housing Corporation for the sale and conveyance of the property.

The case of North Dakota-Montana Wheat Growers' Ass'n v. United States (C. C. A. 8) 66 F.(2d) 573, 92 A. L. R. 1484, involved a suit brought by the United States to foreclose a real estate mortgage given by the complainant to secure the payment of a loan made by the Federal Farm Board. No authority was given this board to sue or be sued. It was held in this case that the United States was not precluded from maintaining the action, even though the board was not capable of doing so. The court said: "It [United States] would remain the real party in interest suing on a contract made by its authorized agent." 66 F.(2d) 573, page 576.

In none of these cases is there a reference to the amount involved. No jurisdictional amount need be involved in order that jurisdiction may attach. The District Court assumes jurisdiction, however small the amount at issue may be, when the United States is a party plaintiff. See United States v. Sayward, 160 U. S. 493, 16 S. Ct. 371, 40 L. Ed. 508; United States v. Shaw (C. C., S. D. Ga. E. D.) 39 F. 433, 3 L. R. A. 232; United States v. Flournoy Live-Stock & Real Estate Co. (C. C., Neb.) 71 F. 576; United States v. Reid (C. C., Nev.) 90 F. 522.

The court is of opinion that the United States is a proper party plaintiff. There can be no question but that the Reconstruction Finance Corporation is the agent of the government [United States v. Buford, 3 Pet. (28 U. S.) 12, 7 L. Ed. 585], and being so the United States is a proper party to be joined as plaintiff.

The case of Fidelity Union Trust Company v. Roest, 113 N. J. Eq. 368, 166 A. 918, cited by counsel for defendants in his brief, does not appear to be in point because that case is decided upon the theory that the corporation is the trustee for the stockholders, while in the

instant case the United States is the principal and the Reconstruction Finance Corporation the agent.

The result is that the petition of the United States to be admitted a party plaintiff is granted.

■ The ground raised by the defendants in their motion to dismiss is that of jurisdiction, the contention being that the court does not have jurisdiction because the amount involved does not exceed $3,000. This motion must of necessity be denied, in view of the conclusions of the court that the United States of America may be joined as a party plaintiff, as the statute gives jurisdiction to this court in all cases in which the United States is a party.

■ The next and last question to be decided is the motion of the plaintiff to strike the answer and defenses as frivolous. The motion of the plaintiff asserts that these defenses are sham, but the briefs suggest that by stipulation of counsel the present argument is directed as to whether ⸱ the defenses are frivolous, reserving the right to argue the question as to whether they are sham.

Section 15 of the New Jersey Practice Act provides: "Subject to rules, any frivolous or sham defense to the whole or to any part of the complaint may be struck out." 1911–1924 Comp. St. Supp. N. J., vol. 2, p. 2816, § 163—291.

"In determining whether an answer is frivolous, the only question is whether or not it denies any material allegations of the complaint or sets up any defense; and no plea or answer which presents a defense or an issue as to any material allegation in the declaration or complaint, or as to any fact essential to plaintiff's recovery, can be deemed frivolous, even though it may also contain immaterial allegations." 49 Corpus Juris, § 225, pp. 195–197. See, also, Oregonian Ry. Co. v. Oregon Ry. & Nav. Co. (C. C., Or.) 22 F. 245; Peacock, Hunt & West Co. v. Williams (C. C., S. C.) 110 F. 915; Dominion Nat. Bank of Bristol v. Olympia Cotton Mills (C. C., S. C.) 128 F. 181.

The defenses are not very clearly stated as to their effect, and although in briefs an argument is directed with relation to so-called separate defenses "Sixth" and "Seventh," an examination of the answer fails to disclose any separate defenses having such numbers, so that the court cannot pass upon the questions so alleged to be raised in these defenses. It is apparent that the filed pleading in this respect is not complete.

After an examination of the pleadings and consideration of the argument, I am convinced that there are set up in the defenses sufficient allegations of fact to present a jury question on some of the matters so pleaded. Matters of defense appear to be combined in some of the separate defenses, and I do not deem it necessary at this time to take up separately and analyze each defense.

No case is cited in either brief which presents an exact parallel—particularly is this true with relation to the allegation of insolvency and its effect upon a transfer of the character here involved.

It is sufficient to say that the plaintiff has not so clearly shown to the court the lack of defense in the pleadings, from a legal standpoint, as to justify an order striking the defenses. The exact points in issue will probably be brought out at the trial and can be ruled upon at that time.

■ Whether the answer is sham is not being presently argued; nevertheless the court desires to call attention to the fact that the answer filed in this case is certainly inadequate, in that it *denies* the allegations of paragraph 3 of the complaint, wherein it is alleged (1) that the note was delivered by the bank to the plaintiff, (2) that the delivery was prior to maturity, and (3) that it was for a valuable consideration. It is apparent from the affidavit of Jonathan F. Kilbourn, manager of the loan department of plaintiff, that the note was delivered, and before maturity. This proof of fact is not denied by any answering affidavit. Whether there was a lawful consideration is a matter that might be denied, but the answer in this respect should be more definite and should be amended.

The same condition exists as to the *denial* of paragraph 4 of the complaint, wherein it is alleged (1) that the note fell due on November 18, 1932; (2) that demand was made upon the defendants for payment; (3) that note has not been paid, except certain specified amounts on account, as set forth therein; and (4) that a copy of the note is attached thereto, made a part thereof, and set forth as Ex-

hibit A. In view of the admissions of the answer as to paragraphs 1 and 2 of the complaint, a general denial cannot be a proper response to this paragraph.

It is apparent. that the defendants are relying upon these separate defenses in presenting their case, but this will not excuse a litigant from pleading in such a manner that the facts may be clearly stated in the complaint and answer, so as to avoid the necessity of introducing evidence as to facts that should be admitted. If special defenses are relied upon, it should be so stated in the answer, and all of the allegations of fact stated in the complaint should be specifically answered.

The motion to strike the answer and defenses will be denied; the petition of the United States of America to be admitted as a party plaintiff will be granted; and the motion to dismiss the cause will be denied.

Orders will be signed accordingly.