## UNITED STATES GYPSUM CO. v. INSURANCE CO. OF NORTH AMERICA.

District Court, S. D. New York.
May 1, 1937.

Barry Wainwright, Thacher & Symmers, of New York City (Earle Farwell, of New York City, of counsel), for plaintiff.

Hill Rivkins & Middleton, of New York City (Thomas H. Middleton, of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The action is one at law on a policy of cargo insurance. The complaint shows that the defendant insured cargo owned by the plaintiff on barges; that on November 7, 1928, the barge Castleton while laden with cargo belonging to the plaintiff capsized; that the cargo was lost; and that the defendant refused to make payment under the policy. In answer to the complaint the defendant pleaded a number of defenses. The defendant then made a motion under rule 113 of the New York Rules of Civil Practice

to dismiss the complaint on the ground that evidentiary facts show that the action has no merit. By the affidavits submitted in support of the motion, it is brought out that the policy contained a warranty by the insured that when a vessel carrying insured cargo was moored "it shall be in charge of a competent watchman, but a breach of this warranty shall void this insurance only as to claims occurring during such breach or arising subsequently as a result of such breach." It is further shown by deposition of Gronhoff, the man in charge of the barge Castleton, that on November 6, 1928, the barge with the plaintiff's cargo on board was moored at 135th street and East River; that at ten in the evening Gronhoff left the barge to get something to eat and to hear the election returns; that on his return an hour later he found the barge grounded on the inboard side and listed away from the bulkhead; that he decided he could not get on board. He left the barge and spent the night at his home on 87th street. He came back at six the next morning and found the barge capsized. The plaintiff submitted no affidavits or other proof in opposition to the showing of facts made by the defendant.

■ Rule 113 of the Rules of Civil Practice provides, among other things, that a complaint may be dismissed on affidavits setting forth such evidentiary facts as shall show that the defendant's denials or defenses are sufficient to defeat the plaintiff and setting forth the belief of the defendant that the action has no merit, unless the plaintiff by affidavit or other proof shall show sufficient facts to entitle him to a trial on the merits. The rule permits a party to pierce the allegations of fact in the pleadings and to obtain relief by summary judgment where the facts set forth in detail in the affidavits indicate that there are no substantial issues to be tried. Under the Conformity Act (28 U.S.C.A. § 724), the New York procedure under rule 113 is available in actions at law in the United States courts sitting in New York. Maslin v. Columbian Nat. Life Ins. Co., 3 F.Supp. 368 (D.C.N. Y.); Mayers v. Massachusetts Mutual Life Ins. Co., 11 F.Supp. 80 (D.C.N.Y.), affirmed (C.C.A.) 77 F.(2d) 1007.

By the affidavits two facts stand admitted: First, that the policy on which suit is brought contained a warranty by the plaintiff that the barge when moored should be in charge of a competent watchman; second, that the loss occurred while the moored barge was unattended, the watchman usually in charge having gone to his home miles away for no good reason and having been absent some six or seven hours. On these facts I am of opinion that the suit is without merit and that there are no substantial issues to be tried. If the case were tried in the usual way and these facts developed by witnesses on the trial, it would be the duty of the court to direct a verdict for the defendant.

■ A warranty in a marine policy must be literally performed. Shamrock Towing Co. v. American Ins. Co., 9 F.(2d) 57 (C. C.A.2). A warranty that a vessel shall be "in charge of" a watchman, while doubtless less rigid than a warranty that a vessel shall at all times have a watchman "on board," does require that the watchman shall be in the near vicinity of the vessel at all times, so as to guard the vessel against the perils insured against, and for a loss that occurs during a breach of the warranty the insurer is not liable. Aetna Ins. Co. v. Houston Co., 49 F.(2d) 121 (C.C.A.5), certiorari denied 284 U.S. 628, 52 S.Ct. 12, 76 L.Ed. 535, is an authority in point. It seems clear that the loss would not have occurred if the watchman had been present; but, however that may be, his absence was a breach of the warranty which rendered void the insurance regardless of any causal connection between the absence and the loss of the cargo. Shamrock Towing Co. v. American Ins. Co., supra; Ripley v. Aetna Ins. Co., 30 N.Y. 136, 86 Am.Dec. 362. Nor does it matter that the watchman was an employee not of the plaintiff but of the owner of the barge. The plaintiff calls attention to the rule of liberal construction where there is ambiguity in the policy; but there is no ambiguity in this policy.

■ On the conceded facts it must be held as matter of law that the warranty was broken. The motion for summary judgment dismissing the complaint for lack of merits will be granted.