## UNITED STATES v. CONTI et al.

District Court, S. D. New York.
April 17, 1939.

Lamar Hardy, U. S. Atty., of New York City (Jerome H. Doran, Asst. U. S. Atty., of Rockville Centre, N. Y., of counsel), for the United States.

Louis B. Boudin, of New York City, for defendants.

CONGER, District Judge.

Plaintiff, the United States of America, is the assignee of a claim in the amount of $1,709.01, given by the defendants to the National City Bank of New York pursuant to an application for a loan, said application having been made in writing by defendant Mamie Conti upon a form provided by the Federal Housing Administrator to a bank insured under the National Housing Act, as amended, 12 U.S.C.A. § 1701 et seq., for the purpose of securing a loan so insured. Both Mamie Conti, the applicant and maker of the note which secured the loan, and Anthony R. Conti, the co-maker on the said note have defaulted in the payment of the installments thereon, and in accordance with the option provided in the note, the National City Bank of New York (hereinafter referred to as the "Bank") instituted suit against these defendants in the City Court of the County of

New York (Southern District of New York) in October, 1936.

Subsequently and in accordance with the requirements and regulations of the Federal Housing Administration, the Bank applied for reimbursement for the loss it had sustained. Pursuant to its contract of insurance with the Federal Housing Administration, the Bank was reimbursed on January 13, 1937 in the amount of $1,709.01 representing the face amount of the note less the unearned interest. Thereupon the claim of the Bank against these defendants was assigned to the Federal Housing Administrator, acting on behalf of the United States of America, who has instituted an action against these defendants for the amount of the assigned claim, together with interest thereon from the date of the assignment.

This motion is by the plaintiff for an order striking out defendants' answer and for summary judgment pursuant to Rule 113 of the Rules of Civil Practice of the State of New York. Defendants' answer is a general denial of the material allegations of the complaint and in objecting to these motions, they urge three defenses for the consideration of the Court, namely, (1) that there has been a failure of consideration in that they never received any part of the loan, (2) that the previous action by the Bank against these defendants in the City Court is still pending and undisposed of, therefore barring this action in the Federal District Court, and (3) that this Court has no jurisdiction of the subject of this action or of the parties hereto for the reason that had plaintiff's assignor, the Bank (a resident of the same State and City as defendants), brought said action, this Court would not have had such jurisdiction.

■ Defendants' first contention is untenable. The applicant Mamie Conti specifically designated in her application for said loan that the check was to be sent to her, but that it was to be made payable to one Matthias Bauer. Therefore, it is obvious that these defendants themselves would never receive the money, but it would go to their designee. Furthermore, Section 50 of the Negotiable Instruments Law of New York, Consol.Laws, c. 38, reads as follows: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

Defendants' argument has produced nothing upon which the Court can say the presumption, statutorily granted, has been overcome.

The note here in question reads in part as follows: "Three years after date for value received, I (we) the undersigned promise to pay to the order of the National City Bank of New York * * *."

■ The words in said note "for value received" are presumptive evidence of consideration. Lasher v. Rivenburgh, 191 App. Div. 676, 181 N.Y.S. 818.

■ Under the wording of the statute, this prima facie presumption exists in favor of a plaintiff remote to the maker, with the result that, in an action by such plaintiff against such maker, the presumption operates as prima facie proof that plaintiff gave value to his transferor. Irving Trust Co. v. Horowitz, Sup.Ct., 185 N.Y.S. 370.

■ The Court can follow no such reasoning as defendants advance in support of their second defense, i. e., that the same issue is involved in the action pending in the New York City Court. That the pendency of one suit in the City Court is not a bar to this action in the District Court was well settled in the case of Woren v. Witherbee, Sherman & Co., 240 F. 1013, in which the Court stated: "The pendency of the one suit in the one court is not a bar to the suit in the other or to its prosecution. * * * True, an action on this cause of action (each case) was first brought in the state court and is still pending, and the exercise of its powers and jurisdiction invoked. But this was no bar to the bringing, and is no bar to the prosecution, of a suit in the federal court thereafter brought on the same cause of action and between the same parties (McClellan v. Carland, supra [217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762]), and is no bar to the prosecution of the suit in the federal court."

This proposition was stated previously in City of Ironton v. Harrison Construction Co., 6 Cir., 212 F. 353, at page 355, as follows: "The city complains that this suit was not abated, or, at least, stayed, because of the prior suit in the state court. Of this claim it is sufficient to say that there had been no final judgment in the state court; that the plea was therefore, in effect, not one of prior adjudication, but one of prior suit pending, and that a prior suit pending in a state court will not abate a later suit in a federal court, even if be-

tween the same parties upon the same issue, and even if the two courts are in the same district of the same state. City [of North Muskegon] v. Clark (C.C.A. 6) 62 F. 694, 10 C.C.A. 591; Bank [of Kentucky] v. Stone (C.C.) 88 F. 383, 398."

And in United States v. Deasy, D.C., 24 F.2d 108, 110, which involved the federal question of the right of the United States to enjoin interference with cutting and removing timber in a national forest under a contract of sale therefor, notwithstanding the same issue was involved in a pending action in the state court, the Court there stated that: "The United States is not a party in that suit, it being one solely between the defendants and the company; nor is the government in the present case seeking to enjoin the state court from proceeding further with that action * * *. It seems now settled that the United States may bring a suit in the courts of the United States, where there is involved the question of its right to dispose of or to administer its property (United States v. Comet Oil & Gas Co. (C.C.) 187 F. 674), although there may be at the same time pending in the state court an action between other parties presenting the same question."

■ Defendants' third defense, namely, that this Court lacks jurisdiction for the reason that the plaintiff's assignor could not have sued here and therefore plaintiff cannot sue here, must fail in view of the statute and the cases applying thereto.

The pertinent portion of Section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), reads as follows: "The district courts shall have original jurisdiction as follows: (1) First. Of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue, * * * or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of · $3,000, and (a) arises under the Constitution or laws of the United States * * *. No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made. The foregoing provision as to the sum or value of the matter

in controversy shall not be construed to apply to any of the cases mentioned in the succeeding paragraphs of this section. (R. S. §§ 563, 629; Mar. 3, 1875, c. 137, § 1, 18 Stat. 470; Mar. 3, 1887, c. 373, § 1, 24 Stat. 552; Aug. 13, 1888, c. 866, § 1, 25 Stat. 433; Mar. 3, 1911, c. 231, § 24, 36 Stat. 1091.)"

In the first place, the so-called "Assignee clause" in the above quoted section does not apply to this case for the reason that the note here in question was not "payable to bearer", but was payable to "the order of The National City Bank of New York."

Secondly, the question arises whether the first part of the section, 28 U.S.C.A. § 41(1), reading, "The District Courts shall have original jurisdiction as follows: (1) * * * Of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue * * *" was intended to be limited by the "Assignee clause" appearing thereafter in the same section.

■ That there is no limitation upon the right of the United States to sue in the District Court in the suit in quesion was well settled by Justice Story in United States v. Greene, 26 F. Cas. page 33, No. 15,258. That case presented the question whether the United States could sue in the District Court as indorsee of a promissory note against the maker thereof, although the maker and payee were citizens of the same state, and the Court held that the "Assignee clause" in the then existing statute which is almost identical with the present Section 24 of the Judicial Code, amended, 28 U.S.C.A. § 41, was not intended to apply to suits brought by the United States.

The Greene case was cited by the Court in Federal Reserve Bank of Dallas v. Webster, D.C., 287 F. 579, 581, where the Court, after making the above observation, stated:

"Therefore it appears that the 'assignee clause,' as embodied in the original Judiciary Act, was confined in its operation to the remaining two classes of cases—the one in which an alien was a party, and the other in which jurisdiction rested solely on diverse citizenship.

"The spirit and intent of the 'assignee clause' and a consideration of the evil designed to be prevented thereby do not embrace this case within their purview. * *

"The 'assignee clause' does not operate to defeat jurisdiction unless the case comes both within its letter and intent. If it should be conceded that this case comes within the letter of the 'assignee clause,' yet it is equally obvious that it does not come within its intent. As said by Justice Story, in United States v. Greene, supra [26 Fed. Cas. 33, No. 15,258], in discussing the 'assignee clause':

" 'The terms of this latter clause are exceedingly broad and strong, "nor shall any District or Circuit Court have cognizance," etc.; and, if they are to be understood without any limitation whatsoever, they clearly extend to the present case.'

"But said Justice Story:

" 'It was foreseen that, if no restriction of this nature were interposed, the jurisdiction of the courts of the United States might, by fraudulent or friendly assignments, be extended to almost all classes of contracts between citizens of the same state. This would be a manifest evasion of the Constitution in its limits upon the judicial power. This was the mischief to be remedied. But the case of the government is not within the mischief. It is not presumable that the government would countenance a fraud of this nature.' " See Sowell v. Federal Reserve Bank of Dallas, Texas, 268 U.S. 449, 45 S.Ct. 528, 69 L.Ed. 1041.

Again, in Re Tidewater Coal Exchange, 2 Cir., 280 F. 648, 653, the Court said: "The rule that the United States as a sovereign is not bound by the general language of a statute, unless named therein, ordinarily applies where a statute tends to restrain or diminish existing powers, rights, or interests of the sovereign."

Further, in United States v. Mellon et al., 2 Cir., 96 F.2d 462, 463, Justice Chase, in a case also involving a loan under the National Housing Act, stated: "The application for such a loan was itself a matter within the jurisdiction of an agency of the United States. * * *"

The decision in City of Stuart v. Green, 5 Cir., 91 F.2d 603, 113 A.L.R. 560, is not controlling here inasmuch as the assignee there was not the United States or an officer or agency thereof, nor in fact did the plaintiff in that case come within any of the provisions of the Section, 28 U.S.C.A. § 41(1).

■ Under the decision in Reconstruction Finance Corporation v. Krauss et al., D.C., 12 F.Supp. 44, 47, this Court obtains jurisdiction in a suit, regardless of the amount at issue, where the United States is a party plaintiff. The Court there said: "No jurisdictional amount need be involved in order that jurisdiction may attach. The District Court assumes jurisdiction, however small the amount at issue may be, when the United States is a party plaintiff. See United States v. Sayward, 160 U.S. 493, 16 S.Ct. 371, 40 L.Ed. 508; United States v. Shaw (C.C., S.D. Ga. E.D.) 39 F. 433, 3 L.R.A. 232; United States v. Flournoy Live-Stock & Real Estate Co., (C.C., Neb.) 71 F. 576; United States v. Reid (C.C., Nev.) 90 F. 522."

Therefore, the fact that the amount at issue here is only $1,709.01, and not $3,000 or over, as set forth in the statute, is no bar to this suit in this Court.

Rule 113 of the New York Rules of Civil Practice sets forth that a motion for summary judgment may be made "When an answer is served in an action, 1. to recover a debt or liquidated demand arising on a contract express or implied * * * or * * * 4. to recover an unliquidated debt or demand for a sum of money only arising on a contract express or implied. * * *"

Then the Rule continues: "The complaint may be dismissed or answer may be struck out and judgment entered in favor of either party on motion upon the affidavit of a party or of any other person having knowledge of the facts, setting forth such evidentiary facts as shall, if the motion is made on behalf of the plaintiff, establish the cause of action sufficiently to entitle plaintiff to judgment * * * together with the belief of the moving party either that there is no defense to the action or that the action has no merit, as the case may be, unless the other party, by affidavit or other proof, shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to a trial of the issues."

■ Under the Conformity Act, 28 U.S.C.A. § 724, procedure under this rule is available in actions at law in the United States court sitting in this State. United States Gypsum Co. v. Ins. Co., of North America, D.C., 19 F.Supp. 767; Mayers v. Massachusetts Mutual Life Insurance Co., D.C., 11 F.Supp. 80, affirmed, 2 Cir., 77 F.2d 1007.

■ The only duty and power of the Court is simply to determine whether a real is-

sue was presented by the answer which it is entitled to try, and whether the answer was not frivolous and sham. United States v. Stephanidis, D.C., 41 F.2d 958, affirmed 2 Cir., 47 F.2d 554.

From a careful survey of the papers and the affidavits submitted upon the argument of this motion, and from a reading of the applicable cases, I fail to find any prima facie case or issue to be tried here, and accordingly, judgment is hereby directed in favor of the plaintiff in the amount of $1,709.01, with interest thereon from January 13, 1937, together with the costs and disbursements as taxed by the Clerk. Submit order on notice.