## UNITED STATES v. DEASY et al.

District Court, D. Idaho, N. D.    February 11, 1928.

### No. 991.

1. **Courts ⬅493(3)—Federal court has jurisdiction of issue involving right of United States to enjoin interference with removal of timber in national forest, though same issue was involved in state court action.**

Federal court *held* not without jurisdiction to hear and determine issue as to right of United States to enjoin interference with cutting and removing timber in national forest under contract of sale therefor, notwithstanding that same issue was involved in action pending in state court, where a temporary injunction had been issued.

2. **Courts ⬅493(3)—United States may sue in federal courts, where question involves its property, notwithstanding pendency of action between other parties in state court involving same issue.**

United States may bring a suit in the courts of the United States, where there is involved question of its right to dispose of or administer its property, although there may be at the same time pending in state court an action between other parties presenting same question.

3. Courts ⚖═⇒493(3)—Federal court jurisdiction is not ousted because individuals suing in state court assert interest in property claimed by government.

Jurisdiction of federal court as to matter involving right of United States to dispose of or administer its property is not ousted because individual, suing in state court, asserts interest in or right to use of property, of which government claimed to be the owner, or with right to supervise and administer.

4. United States ⚖═⇒125(1)—United States cannot be sued without express authority of Congress.

No suit can be maintained against United States in any court without express authority of Congress.

5. United States ⚖═⇒125(1)—United States officers may not waive exemption from judicial process, or submit United States or property to jurisdiction of state court.

Officers of United States are not authorized to waive exemption of United States from judicial process, or to submit United States or its property to jurisdiction of any state court.

6. Mines and minerals ⚖═⇒29(1)—Locator of mining claim on public lands has property in specified amount of surface thereof (30 USCA § 26).

Under 30 USCA § 26, relative to rights of locator of mining claim on public lands, specified amount of surface is as much the property of locator as vein or lode discovered and located by him.

7. Mines and minerals ⚖═⇒29(3)—Locator's possessory title to surface of mining claim on public lands is good against United States (30 USCA § 26).

Possessory title to specified amount of surface in locator of mining claim on public lands, pursuant to 30 USCA § 26, is a valuable property right, and good against United States, as well as the world, as long as locator complies with the law.

8. Mines and minerals ⚖═⇒29(3)—Rights of locators of mining claims on public lands initiated in good faith will be protected as to use of timber in development (30 USCA § 26).

Where locators of mining claims on public lands under 30 USCA § 26, have initiated claims in good faith and complied with spirit of law, their rights will be protected, not only to extract ore from claims, but also to use of timber growing thereon in development, against any act or attempt on part of United States to deprive them of such use of timber.

9. Mines and minerals ⚖═⇒29(3)—Locator's rights to surface of mining claim located on public lands are not qualified by inclusion of claims in forest reserve (30 USCA § 26).

Rights of enjoyment of locator of mining claim on public lands, under 30 USCA § 26, including surface of his claim, are not qualified, nor can they be infringed on by including claims in forest reserve.

10. Mines and minerals ⚖═⇒9—General mining laws apply to mining claims located within forest reserves (National Forest Act, § 1 [16 USCA § 482]).

General mining laws of United States apply to mining claims located within forest reserves, in view of section 1 of act creating national forest (16 USCA § 482), to effect that mineral lands therein shall continue to be subject to location and entry, notwithstanding any provision of National Forest Act.

11. Mines and minerals ⚖═⇒29(3)—United States may not enjoin locators of mining claims on public lands from interfering with other's removal of timber needed in development (30 USCA § 26).

Where locators of mining claims on public lands pursuant to 30 USCA § 26, initiated location claims in good faith, United States was not entitled to enjoin them from interfering with removal of timber necessary to proper development.

In Equity. Suit by the United States against Dan Deasy and others, seeking a temporary injunction. Injunction denied.

H. E. Ray, U. S. Dist. Atty., of Boise, Idaho.

Carlton Fox and John L. Fitzgerald, both of Wallace, Idaho, for defendants.

CAVANAH, District Judge. In this case the United States seeks to enjoin the defendants, during the pendency of this action, from interfering with the Jack Waite Mining Company in carrying out the terms of a certain timber sale contract, by which the company agreed to purchase and pay the sum of $250 to the United States for approximately 500,000 feet of timber, to be cut and removed from certain mining claims located and possessed by the defendants, and situated in the Cœur d'Alene National Forest in Idaho.

It seems that in the month of August, 1927, the company was engaged in cutting timber from the mining claims under the contract, and while doing so it was stopped and ejected therefrom by the defendants. Shortly thereafter the defendants instituted an action in the state court against the company, which action is still pending, and in which a temporary injunction was issued, restraining it from further cutting of the timber. The assertion is further made in the bill that the location and possession of the defendants of the mining claims are invalid, and that, in the event the company is prevented from cutting the timber, the United States will not receive the sale purchase price therefrom.

In the answer of the defendants, which is supported by several affidavits, it appears that the mining claims were located, pos-

sessed, and being developed and mined according. to the mining laws of the United .States; that there is estimated to be upon the claims about 750,000 feet of timber, of which the company has already cut one-fifth thereof. The character of the timber is hemlock and spruce, which is useful only for mining· purposes, ·and, if removed from the claims, the defendants will be left without any timber to carry. on their mining operations. A considerable amount of development work has been done by the defendants in the construction of tunnels, which has and will in the future require a large amount of the timber. In the early ·part of 1927 the company conceived the idea that it wanted the timber in question, ·located upon the Nora and Dora claims of the defendants, and in June made preparation for the cutting and removal thereof to its mines, situated some distance therefrom. Its conduct in that regard resulted in the bringing of the action in the state court by the defendants, restraining the company from further removing the timber, and there it has answered and presented the,·same issues involved herein, and also as to whether or not the mining claims of the defendants are in fact valid, and by cross-complaint ask for damages.

[1-5] It is first earnestly urged by the defendants that this court is without jurisdiction to hear and determine the issue presented by the bill as to the right of the United States to . enjoin the defendants from preventing the, company from cutting and removing. the timber in the national forest under the contract of sale, as the same issue is involved in the action pending in the state court; where a temporary injunction has been issued against the company from interfering with the defendants here in the use of the timber upon their claims. The United States is not a party in that suit, it being one solely between the defendants and the company; nor is the government in the present case seeking to enjoin the state court from proceeding further with that action, as it only asks that the defendants be restrained from interfering with the company in carrying out the terms of the contract between the company and the United States, upon the theory that the United States courts have jurisdiction to hear complaints relating to the administration of the national forests. It seems now settled that the United States may bring a suit in the courts of the United States, where there is involved the question of .its right to. dispose of or to administer its property (United States v. Comet Oil & Gas Co. [C. C.] 187 F. 674), although there may be at the same time pending in the state court an action between other parties presenting the same question.

The jurisdiction of this court is not ousted because individuals, suing in the state court, assert interests in or the right to the use of property which the government claims to be the owner of or the right to supervise and administer. But it is urged that the United States may, through its district attorney, intervene in the suit in the state court and have the question involved here determined. The answer to that contention is that no suit can be maintained against the United States in any court without express authority of Congress. The consent to sue the United States in a state court has not yet been granted by Congress; only consent to be sued in the courts of the United States in certain cases. None of its officers have been authorized by Congress to waive the exemption of the United States from judicial process, or to submit the United States or its property to the jurisdiction of any state court. Carr v. United States, 98 U. S. 433, 25 L. Ed. 209; Stanley v. Schwalby, 162 U. S. 255, 270, 16 S. Ct. 754, 40 L. Ed. 960.

No claim is made in the instant case that the timber involved is being wasted or destroyed ·by the defendants, or that the defendants have violated any regulation prescribed by the Secretary of Agriculture relating to the occupation of forest lands, or that the claims. are being used for any unlawful purpose. The only· contention of the government is that the Secretary has a right to sell and dispose of the timber in the national forests, and that, although the defendants may have a valid lode mining location, yet they have no exclusive right to the timber growing thereon.

[6] ·This brings us to a consideration of the principal question involved, as to what are the rights of the locator of a mining claim upon public lands, and we must turn to section 2322 of the Revised Statutes of the United States ·(U. . S. Comp. Stats. § 4618, p. 5466 [30 USCA § 26]) to determine it. It is there declared that the ` locators "shall have the exclusive right of possession and enjoyment of all the surface included within the lines of their locations,·and of all veins, lodes, and ,ledges throughout ··their entire depth, the top or apex of which lies inside of such surface lines extended downward vertically," etc. This right has been extended to the use of sufficient timber upon the claim for ·development· purposes,* and includes the use of timber for fuel and what is necessary for shafts, tunnels, and the construction of

buildings as may be necessary as an adjunct to such development. The purpose of Congress in enacting this statute was to secure the fullest working of the mines and complete development of the mineral property, by securing to the locator the undisturbed possession of not less than a specified amount of surface, and this surface is as much the property of the locator as the vein or lode discovered and located by him. Clipper Mining Co. v. Eli Mining & Land Co., 194 U. S. 220, 24 S. Ct. 632, 48 L. Ed. 944; Jones et al. v. Wild Goose Mining & Trading Co. et al. (C. C. A.) 177 F. 95, 97, 29 L. R. A. (N. S.) 392.

[7-9] It is true that the locator has only a possessory title, but it is just the same a valuable property right, and as long as he complies with the law it is good against the United States as well as the world. Belk v. Meagher, 104 U. S. 279, 284, 26 L. Ed. 735; Manuel v. Wulff, 152 U. S. 505, 510, 14 S. Ct. 651, 38 L. Ed. 532; Noyes v. Mantle, 127 U. S. 348, 351, 8 S. Ct. 1132, 32 L. Ed. 168. And when it appears, as it does here, that the locators of these claims have initiated them in good faith, and have complied with the spirit of the law, their rights will be protected, not only to extract ore from the claims, but also to the use of the timber growing thereon in the development thereof, against any act or attempt on the part of the United States to deprive them of such use of the timber. In the well-considered opinions in Teller v. United States (C. C. A.) 113 F. 273, and United States v. Rizzinelli et al. (D. C.) 182 F. 675, the conclusion is reached that the rights of a locator of a mining claim within the boundaries of a forest reserve are substantially those of one who locates such claim upon the public domain, and gives the locator the right of "exclusive possession and enjoyment of all the surface of their locations." His rights of enjoyment, including the surface of his claim, are not qualified, nor can they be infringed upon by including the claims in a forest reserve.

[10] The general mining laws of the United States apply to mining claims located within the forest reserves, as the act creating the national forests declares (section 1 [16 USCA § 482]) that any mineral lands therein which have been or which may be shown to be such, and subject to entry under the existing mining laws of the United States, shall continue to be subject to such location and entry, notwithstanding any provision of the National Forest Act.

[11] Having reached the conclusion that the defendants have initiated in good faith their location of these claims, and are complying with the law in possessing and operating the same, and have exclusive right to the use of the timber in question for mining purposes, we then find from the undisputed affidavits presented by the defendants that all of the 750,000 feet of timber growing upon the claims will be needed in their development, and that one-fifth of that amount has already been cut and removed by the defendants. If the Secretary of Agriculture can deprive these locators of two-thirds of the timber upon the contention that they do not need but one-third thereof, he would be granted the power of deciding what amount of timber is necessary to be used in the development of mines, and those engaged in locating and developing mining property would have to secure permission from the Secretary as to the amount of timber they could use upon their claims. The law does not contemplate such a course to be taken.

Should the court restrain the defendants from cutting and using the 500,000 feet of timber covered by the contract of sale between the United States and the company, and the company is permitted to deprive the locators of the necessary use of it in the development of their claims, then we have a situation of the government first, by statute, granting to the defendants, as locators, the exclusive right to the timber, and thereafter conveying it to another, thus depriving the first locators of their statutory right of use. It would be an idle thing to grant an exclusive right by one act of law, and then take it away by another. This course is not only in violation of their rights granted by the statute, but does not appeal to a court of equity as being just.

For the reasons stated, the prayer of the plaintiff for a temporary injunction is denied.