24 F.2d 108 (1928)
UNITED STATES
v.
DEASY et al.
No. 991.
District Court, D. Idaho, N. D.
February 11, 1928.
*109 H. E. Ray, U. S. Dist. Atty., of Boise, Idaho.
Carlton Fox and John L. Fitzgerald, both of Wallace, Idaho, for defendants.
CAVANAH, District Judge.
In this case the United States seeks to enjoin the defendants, during the pendency of this action, from interfering with the Jack Waite Mining Company in carrying out the terms of a certain timber sale contract, by which the company agreed to purchase and pay the sum of $250 to the United States for approximately 500,000 feet of timber, to be cut and removed from certain mining claims located and possessed by the defendants, and situated in the Cur d'Alene National Forest in Idaho.
It seems that in the month of August, 1927, the company was engaged in cutting timber from the mining claims under the contract, and while doing so it was stopped and ejected therefrom by the defendants. Shortly thereafter the defendants instituted an action in the state court against the company, which action is still pending, and in which a temporary injunction was issued, restraining it from further cutting of the timber. The assertion is further made in the bill that the location and possession of the defendants of the mining claims are invalid, and that, in the event the company is prevented from cutting the timber, the United States will not receive the sale purchase price therefrom.
In the answer of the defendants, which is supported by several affidavits, it appears that the mining claims were located, possessed, *110 and being developed and mined according to the mining laws of the United States; that there is estimated to be upon the claims about 750,000 feet of timber, of which the company has already cut one-fifth thereof. The character of the timber is hemlock and spruce, which is useful only for mining purposes, and, if removed from the claims, the defendants will be left without any timber to carry on their mining operations. A considerable amount of development work has been done by the defendants in the construction of tunnels, which has and will in the future require a large amount of the timber. In the early part of 1927 the company conceived the idea that it wanted the timber in question, located upon the Nora and Dora claims of the defendants, and in June made preparation for the cutting and removal thereof to its mines, situated some distance therefrom. Its conduct in that regard resulted in the bringing of the action in the state court by the defendants, restraining the company from further removing the timber, and there it has answered and presented the same issues involved herein, and also as to whether or not the mining claims of the defendants are in fact valid, and by cross-complaint ask for damages.
It is first earnestly urged by the defendants that this court is without jurisdiction to hear and determine the issue presented by the bill as to the right of the United States to enjoin the defendants from preventing the company from cutting and removing the timber in the national forest under the contract of sale, as the same issue is involved in the action pending in the state court, where a temporary injunction has been issued against the company from interfering with the defendants here in the use of the timber upon their claims. The United States is not a party in that suit, it being one solely between the defendants and the company; nor is the government in the present case seeking to enjoin the state court from proceeding further with that action, as it only asks that the defendants be restrained from interfering with the company in carrying out the terms of the contract between the company and the United States, upon the theory that the United States courts have jurisdiction to hear complaints relating to the administration of the national forests. It seems now settled that the United States may bring a suit in the courts of the United States, where there is involved the question of its right to dispose of or to administer its property (United States v. Comet Oil & Gas Co. [C. C.] 187 F. 674), although there may be at the same time pending in the state court an action between other parties presenting the same question.
The jurisdiction of this court is not ousted because individuals, suing in the state court, assert interests in or the right to the use of property which the government claims to be the owner of or the right to supervise and administer. But it is urged that the United States may, through its district attorney, intervene in the suit in the state court and have the question involved here determined. The answer to that contention is that no suit can be maintained against the United States in any court without express authority of Congress. The consent to sue the United States in a state court has not yet been granted by Congress; only consent to be sued in the courts of the United States in certain cases. None of its officers have been authorized by Congress to waive the exemption of the United States from judicial process, or to submit the United States or its property to the jurisdiction of any state court. Carr v. United States, 98 U. S. 433, 25 L. Ed. 209; Stanley v. Schwalby, 162 U. S. 255, 270, 16 S. Ct. 754, 40 L. Ed. 960.
No claim is made in the instant case that the timber involved is being wasted or destroyed by the defendants, or that the defendants have violated any regulation prescribed by the Secretary of Agriculture relating to the occupation of forest lands, or that the claims are being used for any unlawful purpose. The only contention of the government is that the Secretary has a right to sell and dispose of the timber in the national forests, and that, although the defendants may have a valid lode mining location, yet they have no exclusive right to the timber growing thereon.
This brings us to a consideration of the principal question involved, as to what are the rights of the locator of a mining claim upon public lands, and we must turn to section 2322 of the Revised Statutes of the United States (U. S. Comp. Stats. § 4618, p. 5466 [30 USCA § 26]) to determine it. It is there declared that the locators "shall have the exclusive right of possession and enjoyment of all the surface included within the lines of their locations, and of all veins, lodes, and ledges throughout their entire depth, the top or apex of which lies inside of such surface lines extended downward vertically," etc. This right has been extended to the use of sufficient timber upon the claim for development purposes, and includes the use of timber for fuel and what is necessary for shafts, tunnels, and the construction of *111 buildings as may be necessary as an adjunct to such development. The purpose of Congress in enacting this statute was to secure the fullest working of the mines and complete development of the mineral property, by securing to the locator the undisturbed possession of not less than a specified amount of surface, and this surface is as much the property of the locator as the vein or lode discovered and located by him. Clipper Mining Co. v. Eli Mining & Land Co., 194 U. S. 220, 24 S. Ct. 632, 48 L. Ed. 944; Jones et al. v. Wild Goose Mining & Trading Co. et al. (C. C. A.) 177 F. 95, 97, 29 L. R. A. (N. S.) 392.
It is true that the locator has only a possessory title, but it is just the same a valuable property right, and as long as he complies with the law it is good against the United States as well as the world. Belk v. Meagher, 104 U. S. 279, 284, 26 L. Ed. 735; Manuel v. Wulff, 152 U. S. 505, 510, 14 S. Ct. 651, 38 L. Ed. 532; Noyes v. Mantle, 127 U. S. 348, 351, 8 S. Ct. 1132, 32 L. Ed. 168. And when it appears, as it does here, that the locators of these claims have initiated them in good faith, and have complied with the spirit of the law, their rights will be protected, not only to extract ore from the claims, but also to the use of the timber growing thereon in the development thereof, against any act or attempt on the part of the United States to deprive them of such use of the timber. In the well-considered opinions in Teller v. United States (C. C. A.) 113 F. 273, and United States v. Rizzinelli et al. (D. C.) 182 F. 675, the conclusion is reached that the rights of a locator of a mining claim within the boundaries of a forest reserve are substantially those of one who locates such claim upon the public domain, and gives the locator the right of "exclusive possession and enjoyment of all the surface of their locations." His rights of enjoyment, including the surface of his claim, are not qualified, nor can they be infringed upon by including the claims in a forest reserve.
The general mining laws of the United States apply to mining claims located within the forest reserves, as the act creating the national forests declares (section 1 [16 USCA § 482]) that any mineral lands therein which have been or which may be shown to be such, and subject to entry under the existing mining laws of the United States, shall continue to be subject to such location and entry, notwithstanding any provision of the National Forest Act.
Having reached the conclusion that the defendants have initiated in good faith their location of these claims, and are complying with the law in possessing and operating the same, and have exclusive right to the use of the timber in question for mining purposes, we then find from the undisputed affidavits presented by the defendants that all of the 750,000 feet of timber growing upon the claims will be needed in their development, and that one-fifth of that amount has already been cut and removed by the defendants. If the Secretary of Agriculture can deprive these locators of two-thirds of the timber upon the contention that they do not need but one-third thereof, he would be granted the power of deciding what amount of timber is necessary to be used in the development of mines, and those engaged in locating and developing mining property would have to secure permission from the Secretary as to the amount of timber they could use upon their claims. The law does not contemplate such a course to be taken.
Should the court restrain the defendants from cutting and using the 500,000 feet of timber covered by the contract of sale between the United States and the company, and the company is permitted to deprive the locators of the necessary use of it in the development of their claims, then we have a situation of the government first, by statute, granting to the defendants, as locators, the exclusive right to the timber, and thereafter conveying it to another, thus depriving the first locators of their statutory right of use. It would be an idle thing to grant an exclusive right by one act of law, and then take it away by another. This course is not only in violation of their rights granted by the statute, but does not appeal to a court of equity as being just.
For the reasons stated, the prayer of the plaintiff for a temporary injunction is denied.